**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Ilana Volkov
ivolkov@coleschotz.com
Edward S. Kiel
edward.kiel@coleschotz.com
(201) 489-3000
(201) 489-1536 Facsimile
*Attorneys for Tai-Soo Suk, Foreign*
*Representative of Hanjin Shipping Co., Ltd.*

|  |  |
|---|---|
| In re:<br><br>HANJIN SHIPPING CO., LTD.,[1]<br><br>    Debtor in a Foreign Proceeding. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HONORABLE JOHN K. SHERWOOD<br>CASE NO. 16-27041 (JKS)<br>Chapter 15<br><br>**DECLARATION OF TAI-SOO SUK IN SUPPORT OF (I) VERIFIED CHAPTER 15 PETITION; (II) MOTION OF FOREIGN REPRESENTATIVE FOR ENTRY OF PROVISIONAL RELIEF IN AID OF FOREIGN MAIN PROCEEDING; AND (III) CERTAIN RELATED RELIEF** |

        I, Tai-Soo Suk, pursuant to 28 U.S.C. § 1746, hereby submit this declaration (the "Declaration") under penalty of perjury under the laws of the United States as follows:

        1.    I am an inside director and the duly appointed foreign representative (the "Foreign Representative") of Hanjin Shipping Co. Ltd. ("Hanjin," the "Company" or the "Debtor") in connection with the pending proceeding (the "Korean Proceeding") filed by Hanjin under the Debtor Rehabilitation and Bankruptcy Act ("DRBA") in the Seoul Central District

---

[1] The last four digits of Hanjin Shipping Co., Ltd.'s Business Registration Number are 1835. The Debtor's main corporate and mailing address is Hanjin Shipping Bldg., 25 Gukjegeumyung-Ro 2-Gil, Yeongdeungpo-Gu, Seoul 07327, Korea.

Court (the "Korean Court") in Seoul, Republic of Korea ("Korea").

2. On September 1, 2016, the Korean Court entered an order commencing a rehabilitation proceeding under the DRBA (the "Korean Commencement Order") pursuant to which, among other things, I was appointed as custodian of the Debtor. A translated copy is attached to the Petition (as defined below).

3. I submit this Declaration in support of the following motions and other documents submitted concurrently herewith (collectively, the "First Day Pleadings"): (a) the verified chapter 15 petition of the Debtor (the "Petition"); (b) the *Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of the Bankruptcy Code* (the "Recognition and Relief Motion"); and (c) the *Motion of Foreign Representative for Entry of an Order (I) Specifying Form and Manner of Service of Notice Pursuant to Sections 1515 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007, and (II) Scheduling Hearing* (the "Notice Procedures Motion"). I am authorized by the Debtor to submit this Declaration on its behalf in support of the First Day Pleadings.

4. In my role as an inside director and Foreign Representative of the Debtor, I have become familiar with the Debtor's business, day-to-day operations, and financial affairs, and I have been closely involved in the Debtor's rehabilitation efforts. I am an individual over the age of 18 and, if called upon, could and would testify to the facts set forth in this Declaration. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by members of the Debtor's management and professionals, learned from my review of relevant documents, or my opinion

based upon my experience and knowledge of the Debtor's industry, operations and financial condition.

## INTRODUCTION

5.      The Company is a Korean Composite Stock Price Index (KOSPI)-listed company established in Korea.  It is involved in shipping, port operating system development, harbor loading, unloading services, and other related services.

6.      It is currently the largest shipping company in Korea, operating approximately 60 regular lines worldwide, with 140 container or bulk vessels.  It is ranked as the world's ninth largest container shipping company, transporting over 100 million tons of cargo per year.  It also operates 13 terminals specialized for containers, two distribution centers and six Off Dock Container Yards (ODCY) in major ports and inland areas around the world. The Company is a member of "CKYHE," a global shipping conference and also a partner of "The Alliance," another global shipping conference to be launched in April 2017.

**A.      History of the Debtor**

7.      Korea Shipping Corporation, a national firm, was established in 1949 and privatized in 1968.  It merged with Hanjin Container Lines Ltd. in 1988 and the merged-company operated under the name Hanjin Shipping Ltd.  The Company's sales reached 10 trillion KRW in 1992.  This was a first for a Korean shipping company.  Thereafter, it acquired DSR-Senator, a German shipping company.

8.      In 2003, the Company was selected as one of the "50: Asia's Best Big Public Companies" by Forbes.  In 2008, it established itself as one of the first ten bulk shipping companies in the world.  In 2012, the Company was certified by DJSI Korea as the Best Company in Transport under the Dow Jones Sustainability Index.  Its sales reached 100 trillion

3

KRW in the same year, another first for a Korean shipping firm.

B.  **The Debtor's Liquidity Crisis and Commencement of the Rehabilitation Process**

9. After the global recession and financial crisis following the subprime crisis in the United States in 2008, the global shipping business experienced a drastic decrease of transported goods. The subsequent recession in Europe and the economic slowdown in China prolonged the decrease in global shipping business.

10. Since 2012, the financial issues facing the global shipping industry were exaggerated by the excess supply in vessels that greatly exceeded the need for transported goods. These factors contributed to the Company's poor financial performance.

11. Facing a liquidity crisis, the Debtor pursued negotiations with the council of creditor banks, including Korea Industrial Bank, the main creditor. The Debtor proposed a memorandum of understanding whereby the creditors would agree to suspend the exercise of their rights for three months, during which time the Debtor would propose a management recovery plan.

12. The Debtor, in negotiations with the creditors, agreed to form "The Alliance" and submitted a self-rescue plan providing for 400 billion KRW ($1=1,1515 KRW) by liquidating terminals and company buildings and selling its trademarks, while continuing to negotiate reduction in freight charges.

13. Nevertheless, on August 30, 2016, the creditor banks advised the Debtor of their decision to reject future financing. This ended the negotiations.

14. On August 31, 2016, the Debtor applied to the Korean Bankruptcy Court for the commencement of rehabilitation. On the same day, it requested and was granted a general injunction and the preservation of disposition of the Company's assets. The Court's

decision to commence the rehabilitation was made on September 1, 2016.

C. **Impact of Korean Court's Decision to Commence the Rehabilitation**

15. With the commencement of the rehabilitation procedures, it is highly likely that the potential creditors of the Debtor will proceed to seizure or provisional seizure and seek to exercise their liens on vessels and containers which constitute the Debtor's principal business assets. Such behavior already has been observed in some ports. Facing the potential inability to assure the Company's regular line services, a mass of transport contracts might be cancelled and clients might leave, which necessarily would result in a rapid decrease of the Company's sales and decrease in the value of its assets.

D. **Center of Main Interests**

16. The Debtor is a corporation established in and under the laws of Republic of Korea, with its head office located in the same country. It is also a listed-company on the KOSPI (Korea Composite Stock Price Index) market. All of the representative directors are Korean citizens and residents. In addition, the general assembly of its shareholders and meetings of the board members are held in Korea. All these factors lead to the conclusion that the Debtor's center of main interests is located in the Republic of Korea.

E. **Overview of the Debtor's Assets and Liabilities**

17. As of June 30, 2016, the Debtor's total current liabilities were KRW 6,028,543 million and total current assets were KRW 6,624,326 million. As noted in the Commencement Order, "[a]s of June 30, 2016, [the] Debtor's loans totaling KRW 3,140,500 million will mature within one year but the [the] Debtor's current financial state renders it impossible to repay the loans." See Commencement Order, pgs. 3-4.

F. **Pre-Petition Litigation**

18. As of the Petition Date, as set forth in the *Verified List Pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure* attached to the Petition, Hanjin is a party to various litigation and arbitration proceedings pending throughout the United States.

**REQUESTS FOR RECOGNITION AND RELATED RELIEF**

19. In addition to the above facts, the factual bases for the relief requested by the Recognition and Relief Motion and the Notice Procedures Motion are set forth below. I believe, after consultation with counsel, that the relief requested by each of the motions is necessary to maximize value for all of the Debtor's creditors through the Korean Proceeding, protect the Debtor's assets in the United States and properly administer this Chapter 15 proceeding.

G. **Recognition and Relief Motion**[2]

20. Contemporaneously herewith, the Recognition and Relief Motion was filed seeking (a) entry of a provisional order (the "Provisional Order") (i) enforcing in the United States, on an interim basis, the Korean Commencement Order, by applying sections 362 and 365(e) of the Bankruptcy Code in this chapter 15 case on an interim basis pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, and granting such other and further relief as the Court deems just and proper; and (b) a final order (the "Final Order"), after notice and a hearing: (i) granting the chapter 15 petition in this case and recognizing the Korean Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States to the Korean Commencement Order, including any and all extensions or amendments thereof authorized by

---

[2] Capitalized terms used but not defined in this section have the meanings ascribed to them in the Recognition and Relief Motion.

6

the Korean Court and extending the protections of the Korean Commencement Order to the Debtor on a final basis, (iii) applying section 365 of the Bankruptcy Code in this chapter 15 case on a final basis pursuant to section 1521 of the Bankruptcy Code, and (iv) granting such other and further relief as the Court deems just and proper.

21. As detailed in the Recognition and Relief Motion, I believe there is a compelling case for recognition of the Korean Proceeding as a foreign main proceeding. I have been advised by counsel that the Korean Proceeding is a "foreign proceeding" and that I am a "foreign representative," as those terms are defined in the Bankruptcy Code. I further have been advised that this case was duly and properly commenced by filing the Petition accompanied by all fees, documents, and information required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, including (a) a corporate ownership statement; (b) list containing (i) the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Debtor, (ii) all parties to litigation pending in the United States in which the Debtor is a party at the time of the filing of the Petition, and (iii) all currently known entities against whom provisional relief is being sought; (c) a statement identifying all foreign proceedings with respect to the Debtor that are known to the Foreign Representative; and (d) a copy of the Korean Commencement Order.

22. I can attest that the Korean Proceeding is pending in Korea and that Korea is the center of the Debtor's main interests. As set forth above, the Debtor's headquarters is located in Seoul, Korea. All corporate-level decision-making and corporate administrative functions affecting the Debtor is centralized in Seoul, the Debtor's management team is based in Seoul, it is incorporated under the laws of Korea, and its employees work in Korea.

40000/0704-13543124v3

23. I have been advised that, upon commencement of the Korean Proceeding and entry of the Korean Commencement Order, all of the Debtor's creditors were stayed from taking any enforcement actions against the Debtor and its assets, wherever located.

24. Nonetheless, I believe there is a risk that certain of the Debtor's creditors will assert that they are not subject to the jurisdiction of the Korean Court and may attempt to take enforcement actions in the United States. For example, there are innumerable parties that can arrest and levy on the Debtor's property in the United States. These parties include, but are not limited to, fuel provider, ship owners (where the Debtor is a charterer), terminals, port pilots, trucking companies, repair vendors, rail companies, and container lessors. The assets include, but are not limited to, large container vessels, shipping containers (both empty and loaded with customers' goods), chassis (the platform on which the containers are mounted and transported on trucks), generator sets for refrigerated containers, and bunker fuel. An arrest of these assets would prevent their further movement, which is critical to the Debtor's ongoing business.

25. Indeed, it is my understanding that a fuel provider, World Fuel Services, obtained an order for arrest from a court in California for one of Debtor's vessel. In another matter in California, two other firms, Hastay Marine and Montemp Marine, applied on August 31, 2016 to seize Debtor's assets as a result of alleged outstanding rental payment on two vessels.

26. To protect against this risk, the Recognition and Relief Motion was filed seeking a final order (i) granting recognition of the Korean Proceeding, (ii) giving full force and effect in the United States to the Korean Commencement Order, and (iii) applying sections 362 and 365 of the Bankruptcy Code to this chapter 15 case. I have been advised

that the entry of the Final Order granting the requested relief would, among other things, extend the protections of the stay to Hanjin's assets located in the United States and prevent contract counterparties from modifying or terminating United States-based contracts.

27. On a final basis, Hanjin must have certainty that contract counterparties will not terminate or exercise remedies under their agreements, will continue performing thereunder, and will be subject to and bound by any decision by the Debtor to affirm or disclaim such agreements. I can attest that, without the preservation of its contractual relationships, the Debtor may lose the benefit of these agreements, litigation may ensue, and counterparties may obtain unfair advantages over other creditors.

28. Counsel has advised me that the final relief requested in the Recognition and Relief Motion is not available until this Court grants the Final Order recognizing the Korean Proceeding and that, in the interim, in this chapter 15 case there is no automatic stay or other specific protections in the United States for Debtor's U.S. assets (other than the stay under the Korean Commencement Order). Therefore, in addition to the Final Order, the Debtor is seeking on an interim basis, an order applying sections 362 and 365(e) to ensure that parties do not continue litigation against the Debtor and creditors do not attempt to bring any enforcement action against the Debtor or attempt to terminate or modify their contracts as a result of the commencement of the Korean Proceeding or this chapter 15 case.

29. As noted above and in the Recognition and Relief Motion, the Debtor has assets in the United States, including certain real property and bank accounts. I have been advised that unless the Provisional Order is granted and all creditors are enjoined, the Debtor faces the risk that creditors may take actions to recover against the Debtor's United States assets, as well as the risk that contract counterparties may attempt to terminate or modify

9

prepetition contracts governed by United States law.  I submit that if creditors unilaterally pursue collection or enforcement efforts, or continue litigation against the Debtor, such actions could diminish the value of the Debtor's assets and cause significant delay and disruption to the Debtor's restructuring process.  Without the protections afforded by sections 362 and 365(e) of the Bankruptcy Code, the Debtor may lose valuable rights and benefits thereunder.  Accordingly, I submit that the interim relief requested in the Recognition and Relief Motion is necessary to protect against the disruption to business operations and interference with reorganization efforts that would result from such attempted exercise of remedies or cessation of performance by contract counterparties and others.

30. In contrast, I believe that the Debtor's creditors and other stakeholders will suffer little, if any, harm as a result of the requested provisional relief as such relief will merely preserve the status quo during the short time necessary for the Court to rule on the Petition.  Indeed, a stay of all litigation enforcement actions against the Debtor already exists under Korean law.  I believe that granting the request for provisional relief will benefit the Debtor's creditors and stakeholders because it will ensure that the value of the Debtor's assets and business are preserved and maximized for the benefit of all stakeholders.

31. Finally, as described in the Recognition and Relief Motion, and as discussed with counsel, I understand and believe that recognizing the Korean Proceeding as a foreign main proceeding and granting the relief requested therein on a final basis is consistent with the purposes of chapter 15 of the Bankruptcy Code and U.S. public policy.  Therefore, I believe that the provisional and final relief requested in the Recognition and Relief Motion is necessary and appropriate and is in the best interests of the Debtor, its creditors and other parties in interest in interest.

40000/0704-13543124v3

**H.    Notice Procedures Motion**[3]

32. This Declaration also is submitted in support of the Notice Procedures Motion (expected to be filed next week) seeking the entry of an order approving (a) the form of notice (the "Recognition Hearing Notice") of (i) the filing of the Petition and certain related pleadings, including the Recognition and Relief Motion, (ii) the entry of the Provisional Order recognizing and enforcing in the United States, on an interim basis, the Korean Commencement Order, and granting other relief sought in the Recognition and Relief Motion, (iii) the deadline to object to the Petition and the Court's entry of the proposed Final Order, and (iv) the hearing for the Court to consider the Petition and the relief requested in the Recognition and Relief Motion on a final basis (the "Recognition Hearing"); (b) the manner of service of the Recognition Hearing Notice; and (c) the manner of service on the Master Service List of any pleadings filed in this chapter 15 case.

33. I can attest that the Debtor has numerous domestic potential creditors, litigation parties, and other parties in interest, all of whom need to be provided with, among other things, notice of the Provisional Order, the proposed Final Order, the Recognition Objection Deadline, and the Recognition Hearing. Under the facts and circumstances of the Debtor's chapter 15 case, I submit that service of the Recognition Hearing Notice in the manner proposed in the Notice Procedures Motion will provide those parties identified as the Notice Parties in the Notice Procedures Motion with due and sufficient notice of the relief requested in the Recognition and Relief Motion and associated objection deadline and hearing dates.

34. Furthermore, I believe that service by the Foreign Representative of all

---

[3] Capitalized terms used but not defined in this section have the meanings ascribed to them in the Notice Procedures Motion.

40000/0704-13543124v3

pleadings that it files in this case by international or U.S. mail, first class postage prepaid, on the Master Service List is an efficient and effective way to provide notice to such key parties in this case and the Korean Proceeding. At the same time, I believe that it will not overburden the Debtor with the significant costs associated with copying and mailing all the various documents filed in this case to the entire matrix of putative creditors and other parties.

35. Therefore, I believe that the relief requested in the Notice Procedures Motion is necessary and appropriate and is in the best interests of the Debtor, its creditors and other parties in interest.

## CONCLUSION

36. Based on the foregoing, I believe that the relief being requested at the outset of this chapter 15 case is well justified, necessary under the circumstances, in the best interests of the Debtor and its creditors, and should be granted.

37. I certify pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of the U.S. that the foregoing is true and correct to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: September 2, 2016

_____
Tai-Soo Suk
Foreign Representative of Hanjin
Shipping Co., Ltd.