Order Filed on September 6, 2016 by Clerk U.S. Bankruptcy Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Ilana Volkov
ivolkov@coleschotz.com
Edward S. Kiel
edward.kiel@coleschotz.com
(201) 489-3000
(201) 489-1536 Facsimile
*Attorneys for Tai-Soo Suk, Foreign Representative of Hanjin Shipping Co., Ltd.*

In re:

HANJIN SHIPPING CO., LTD.,[1]

Debtor in a Foreign Proceeding.

Case No. 16-27041 (JKS)

Chapter 15

**Hearing Date and Time:**
**September 6, 2016, 2:00 p.m.**

# INTERIM PROVISIONAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517, 1519, 1520, 1521, AND 105(A) OF BANKRUPTCY CODE

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby **ORDERED**.

**DATED: September 6, 2016**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The last four digits of Hanjin Shipping Co., Ltd.'s Business Registration Number are 1835. The Debtor's main corporate and mailing address is Hanjin Shipping Bldg., 25 Gukjegeumyung-Ro 2-Gil, Yeongdeungpo-Gu, Seoul 07327, Korea.

(Page 2)
Debtor:            HANJIN SHIPPING CO., LTD.
Case No.:          16-27041 (JKS)
Caption of Order:  INTERIM PROVISIONAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517, 1519, 1520, 1521, AND 105(a) OF BANKRUPTCY CODE

Upon the motion (the "Motion")[2] of Tai-Soo Suk, the duly appointed foreign representative (the "Foreign Representative") of Hanjin Shipping Co. Ltd. ("Hanjin," the "Company" or the "Debtor"), for entry of a provisional order granting recognition of foreign main proceeding and certain related relief pursuant to sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 109 and 1501; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the provisional relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Declarations in Support, and the verified chapter 15 petition, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Debtor, its creditors, "cargo interests," and all other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

40000/0220-13546074v3

| | |
|---|---|
| (Page 3) | |
| Debtor: | HANJIN SHIPPING CO., LTD. |
| Case No.: | 16-27041 (JKS) |
| Caption of Order: | INTERIM PROVISIONAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517, 1519, 1520, 1521, AND 105(a) OF BANKRUPTCY CODE |

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

      A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>") made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

      B.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

      C.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

      D.      Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

      E.      The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (a) the Korean Proceeding is a "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (b) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, (c) all statutory elements for the interim relief granted herein are satisfied in accordance with section 1517 of the Bankruptcy Code, (d) upon recognition of the Korean Proceeding as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in this chapter 15 case pursuant to section 1520(a)(1) of the Bankruptcy Code, and (e) that application of section 365(e)

40000/0220-13546074v3

| | |
|---|---|
| (Page 4) | |
| Debtor: | HANJIN SHIPPING CO., LTD. |
| Case No.: | 16-27041 (JKS) |
| Caption of Order: | INTERIM PROVISIONAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517, 1519, 1520, 1521, AND 105(a) OF BANKRUPTCY CODE |

on an interim basis to prevent contract counterparties from terminating their prepetition contracts with Hanjin is entirely consistent with the injunctive relief afforded by the automatic stay under section 362.

    F.  The Foreign Representative has demonstrated that (a) the commencement or continuation of any proceeding or action in the U.S. against Hanjin and its business and all of its assets should be stayed on an interim basis pursuant to sections 1519, 1521, and 105(a) of the Bankruptcy Code, which protections, in each case, shall be coextensive with the provisions of section 362 of the Bankruptcy Code, to permit the fair and efficient administration of the Korean Proceeding for the benefit of all stakeholders, and (b) the relief requested in the Motion will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of the relief granted herein.

    G.  The Foreign Representative has demonstrated that without the protection of sections 362 and 365(e) of the Bankruptcy Code on an interim basis, there is a material risk that counterparties to certain of Hanjin's contracts may take the position that the commencement of the Korean Proceeding or this chapter 15 case allows them to terminate such contracts or continue litigation in the U.S. Such positions would severely impair Hanjin's restructuring efforts and result in irreparable damage to Hanjin's business, the value of Hanjin's assets and substantial harm to Hanjin's creditors and other parties in interest.

    H.  The Foreign Representative has demonstrated that absent the interim relief granted herein, there is a material risk that one or more parties in interest will take action against

(Page 5)
Debtor:           HANJIN SHIPPING CO., LTD.
Case No.:         16-27041 (JKS)
Caption of Order: INTERIM PROVISIONAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517, 1519, 1520, 1521, AND 105(a) OF BANKRUPTCY CODE

Hanjin or its assets.  As a result, Hanjin may suffer immediate and irreparable injury, loss, or damage for which there is no adequate remedy at law and therefore it is necessary that this Court grant the relief requested in the Motion on an interim basis without prior notice to parties in interest or their counsel.  Further, unless this Order is entered, Hanjin's assets could be subject to efforts by creditors to control, possess, or execute upon such assets located in the territorial jurisdiction of the United States and such efforts could result in Hanjin suffering immediate and irreparable injury, loss or damage by, among other things, creditors (a) interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, and (b) interfering with or undermining the success of the Korean Proceeding.

       I.       The interests of the public and public policy of the U.S. will be served by entry of this Order.

       J.       The Foreign Representative and Hanjin are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code on an interim basis.

**IT IS HEREBY ORDERED THAT:**

       1.       The Motion is granted as set forth herein.

       2.       The Provisional Order and the Korean Commencement Order hereby are given full force and effect on an interim basis, including, without limitation, staying the commencement or continuation of any actions against Hanjin or its assets located within the

| | |
|---|---|
| (Page 6) | |
| Debtor: | HANJIN SHIPPING CO., LTD. |
| Case No.: | 16-27041 (JKS) |
| Caption of Order: | INTERIM PROVISIONAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517, 1519, 1520, 1521, AND 105(a) OF BANKRUPTCY CODE |

territorial jurisdiction of the United States, and shall be given full force and effect in the U.S. until otherwise ordered by this Court.

   3.  While this Order is in effect, the Foreign Representative and Hanjin are entitled to the full protections and rights pursuant to section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against Hanjin's assets within the territorial jurisdiction of the U.S..

   4.  While this Order is in effect, pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, sections 362 and 365(e) of the Bankruptcy Code are hereby made applicable in this case to Hanjin and the property of Hanjin within the territorial jurisdiction of the U.S. including owned, operated or chartered (leased) vessels or property thereon (including bunkers) and any other transportation equipment (containers and chassis). Specifically, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its expressly authorized representatives and agents are hereby enjoined from:

  a)  execution against any of Hanjin's assets located within the territorial jurisdiction of the United States;

  b)  the commencement or continuation, including the issuance or employment of process, of a judicial, quasi judicial, administrative, arbitral, or other action or proceeding or process whatsoever, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise, against the Foreign Representative (with respect to Hanjin), Hanjin or any of Hanjin's assets located within the territorial jurisdiction of the United States;

40000/0220-13546074v3

Case 16-27041-JKS    Doc 22    Filed 09/06/16    Entered 09/06/16 21:25:31    Desc Main
Document    Page 7 of 9

(Page 7)
Debtor: HANJIN SHIPPING CO., LTD.
Case No.: 16-27041 (JKS)
Caption of Order: INTERIM PROVISIONAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517, 1519, 1520, 1521, AND 105(a) OF BANKRUPTCY CODE

---

c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other *in personam*, *in rem* or *quasi in rem* claim against against the Foreign Representative (with respect to Hanjin), Hanjin or any of Hanjin's assets located within the territorial jurisdiction of the United States;

d) transferring, relinquishing, or disposing of any property of Hanjin to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative, except with the Foreign Representative's consent;

e) commencing or continuing an individual action or proceeding concerning Hanjin, Hanjin's assets located within the territorial jurisdiction of the United States, rights, obligations, or liabilities;

f) terminating or modifying any contract or unexpired lease of Hanjin and any right or obligation under such contract or lease at any time after the commencement of this case solely because of a provision in such contract or lease that is conditioned on the (i) insolvency or financial condition of Hajin at any time before the closing of this case; or (ii) the commencement of this case; or (iii) the appointment of or taking possession by a trustee or custodian before the commencement of this case; <u>provided</u>, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the United States; and

g) arresting or attaching any vessel or other transportation equipment that is owned by, operated by or chartered to Hanjin; provided; however, pending the Continued Hearing (as defined below), no vessels shall leave any ports located in the United States.

5. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code, or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

| | |
|---|---|
| (Page 8) | |
| Debtor: | HANJIN SHIPPING CO., LTD. |
| Case No.: | 16-27041 (JKS) |
| Caption of Order: | INTERIM PROVISIONAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517, 1519, 1520, 1521, AND 105(a) OF BANKRUPTCY CODE |

6. The Foreign Representative, Hanjin, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

7. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

10. Notwithstanding anything herein to the contrary, the relief requested herein shall be subject to (a) the rights, limitations, and protections afforded by Section 1522 of the Bankruptcy Code and (b) the rights of any party to seek relief from this Order. Nothing in this Order shall determine whether section 365 (other than Section 365(e)) applies to an executory contract or the applicable law and appropriate forum for the adjudication of any disputed matters relating thereto, all of which rights shall be reserved.

11. All findings herein are entered on an interim basis only and shall not be binding on any parties for purposes of any final hearing.

40000/0220-13546074v3

| | |
|---|---|
| (Page 9) | |
| Debtor: | HANJIN SHIPPING CO., LTD. |
| Case No.: | 16-27041 (JKS) |
| Caption of Order: | INTERIM PROVISIONAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517, 1519, 1520, 1521, AND 105(a) OF BANKRUPTCY CODE |

12.     The continued hearing on the Motion (the "Continued Hearing") shall take place on September 9, 2016, at 10:00 a.m. (EST).  Any objections to the relief requested in the Motion shall be filed no later than September 8, 2016, at 5:00 p.m. (EST).