CAPEHART & SCATCHARD, PA.
SERGIO I. SCUTERI, ESQ. (019901995)
8000 Midlantic Dr., Suite 300 S
Mt. Laurel, NJ 08054
856-234-6800
sscuteri@capehart.com
Counsel for Norfolk Southern Railway Company

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 15 |
| HANJIN SHIPPING CO. LTD., | Case No. 16-27041 (JKS) |
| Debtor in a Foreign Proceeding. | |

---------------------------------------------------------------------x

**LIMITED OBJECTION OF NORFOLK SOUTHERN RAILWAY COMPANY TO MOTION OF FOREIGN REPRESENTATIVE FOR ENTRY OF PROVISIONAL AND FINAL ORDERS GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517, 1519, 1520, 1521 AND 105(a) OF THE BANKRUPTCY CODE**

Norfolk Southern Railway Company ("Norfolk Southern"), by and through its undersigned counsel, hereby objects (the "Limited Objection") to the *Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521 and 105(a) of the Bankruptcy Code* [D.I. 5] (the "Motion") and respectfully states as follows:

**Preliminary Statement**

1. Norfolk Southern supports the ultimate relief requested by the foreign representative set forth in the Motion, as it is clear that a collective forum to deal with Hanjin Shipping Co. Ltd.'s (the "Debtor") financial troubles is needed. Any relief granted, however, should be conditioned upon protecting the rights of Norfolk Southern, which holds possessory liens over goods in transit that are owned by Hanjin or its customers. Norfolk Southern

maintains possessory liens over all goods in its possession pending payment in full for the relevant shipping charges.  Any relief granted must expressly preserve Norfolk Southern's existing possessory lien rights, as well as permit Norfolk Southern to continue asserting possessory liens over any future goods delivered into its possession by or for the account of Hanjin.  These possessory liens are excepted from application of the automatic stay pursuant to 11 U.S.C. 362(b)(3), and this protection cannot be vitiated by an order applying the automatic stay in these chapter 15 proceedings.

## Background

2.    Norfolk Southern provides the Debtor with rail and intermodal service, primarily in connection with delivering goods to and from various ports of entry at the request of the Debtor.  Each of these shipments is covered by a bill of lading, and the payment terms are governed by the contracts between the Debtor and Norfolk Southern.

3.    As of the date of the filing of this chapter 15 proceeding, Norfolk Southern was in possession of a significant volume of goods being transported in the Debtor's containers with unpaid transportation charges associated therewith.[1]  The payment of these charges is secured by Norfolk Southern's possessory liens, which are granted under applicable state and federal law.

4.    At the emergency hearing on the Motion, held on September 6, 2016 (the "Preliminary Hearing"), the Court indicated that it was not resolving lien rights in connection with the provisional relief sought and that all parties' rights would be reserved.  However, the order submitted by the Debtor, and ultimately signed by the Court, following the Preliminary

---

[1] These amounts are in addition to past due, pre-petition shipping charges, which also may be subject to Norfolk Southern's possessory liens pursuant to the rationale set forth by the Third Circuit in World Imports, Ltd. v. OEC Group New York (In re World Imports, Ltd.), 820 F.3d 576 (3d Cir. 2016).  While Norfolk Southern is investigating whether these particular possessory lien rights exist under the present facts, those rights, to the extent they exist, are entitled to the same protection as all other possessory lien rights.

Hearing was even more troubling than the original order attached to the Motion. Indeed, despite the arguments raised at that hearing and the Debtor's subsequent announcement of its agreement with an express reservation of existing possessory lien rights, the Debtor's revised form of order added language to paragraph 4(c) that prohibits the continuing enforcement of "in personam, in rem or quasi in rem" claims against the Foreign Representative or the Debtor's assets. This could be read as an attempt to enjoin the exercise of possessory lien rights, notwithstanding the Debtor's prior representations to the Court.

5. Although most of the Debtor's containers are currently tied up as a result of its financial difficulties, Norfolk Southern believes that additional Hanjin containers will need to be offloaded from various ports of entry and transported by rail to its ultimate destination. In the absence of adequate assurance of payment from the Debtor for these new transportation services, Norfolk Southern should be entitled to assert new possessory liens on these new shipments pending payment from the Debtor. Arguably, the language in the current order would prevent Norfolk Southern from asserting such liens, in violation of applicable law.

**Objection**

6. Norfolk Southern objects to any effort by the Debtor to eliminate its existing and future possessory lien rights. Based on discussions with Debtor's counsel at the Preliminary Hearing, Norfolk Southern believes that consensual language expressly preserving its possessory lien rights should be obtainable without much additional discussion. Nevertheless, if the Debtor refuses to agree to a full preservation of all Norfolk Southern's possessory lien rights, Norfolk Southern submits that the Court should order that such rights are reserved in connection with any subsequent order granting the Motion.

7. Pursuant to Article 7-307 of the Uniform Commercial Code, Norfolk Southern, as a carrier, "has a lien on the goods covered by a bill of lading for charges subsequent to the date of its receipt of the goods for storage or transportation (including demurrage and terminal charges) and for expenses necessary for preservation of the goods incident to their transportation . . . ." By their nature, possessory lien rights are lost upon delivery of the goods by the carrier. See U.C.C. 7-307(3). As a result, these possessory liens are exempted from the application of the automatic stay because they are not subject to a trustee's avoidance powers under section 546(b). See 11 U.S.C. § 362(b)(3).

8. While Norfolk Southern understands the Debtor's desire to unclog its delivery chain, that desire cannot trump Norfolk Southern's lien rights. The easiest solution is for the Debtor to simply pay the applicable charges to permit the goods to be released to their rightful owner, but in the absence of payment by the Debtor, Norfolk Southern is willing to work with the ultimate owners of the goods to create a process that will allow Norfolk Southern's liens to be satisfied and the goods to be delivered. Indeed, Norfolk Southern has already been contacted by several of the Debtor's customers to discuss a release of the goods in transit, and Norfolk Southern has released such goods with the Debtor's consent upon receiving payment of its transportation charges.

9. Regardless of how Norfolk Southern's possessory liens are ultimately satisfied, they should remain in effect pending that satisfaction. Norfolk Southern submits that any order that is entered granting the Motion must include language expressly preserving its existing possessory lien rights as well as its rights to effectively assert new possessory liens against any additional goods that are come into Norfolk Southern's possession, whether directly deposited

4

with Norfolk Southern by the Debtor or whether the goods are transferred to Norfolk Southern in the normal course of transportation by other carriers.

### Notice

10.  Norfolk Southern has served this response on (a) the Office of the United States Trustee; (b) counsel to the Foreign Representative; and (c) those parties that have requested notice in this case.

### Conclusion

11.  Norfolk Southern respectfully requests that the Court (a) grant the Motion, subject to express language preserving Norfolk Southern's lien rights consistent with the foregoing discussion and (b) grant such other and further relief as may be just and proper.

Dated: September 8, 2016

*s/ Sergio I. Scuteri*
_____
SERGIO I. SCUTERI, ESQ. (019901995)
CAPEHART & SCATCHARD, PA.
Attorneys for Norfolk Southern Railway Company
8000 Midlantic Dr., Suite 300 S
Mt. Laurel, NJ 08054
856-234-6800
sscuteri@capehart.com