| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**NORRIS McLAUGHLIN & MARCUS, P.A.**<br>721 Route 202-206, Suite 200<br>PO Box 5933<br>Bridgewater, NJ 08807-5933<br>(908) 722-0700<br>Bruce J. Wisotsky, Esq.<br>Matteo Percontino, Esq.<br>bwisotsky@nmmlaw.com<br>mpercontino@nmmlaw.com<br><br>**GARVEY SCHUBERT BARER**<br>Charles C. Robinson<br>Second & Seneca Building<br>1191 Second Avenue<br>18th Floor<br>Seattle, WA 98101-2939<br>Telephone: (206) 464-3939<br>Facsimile: (206) 464-0125<br><br>**WILLKIE FARR & GALLAGHER LLP**<br>John C. Longmire<br>Christopher S. Koenig<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 728-8000<br>Facsimile: (212) 728-8111<br>jlongmire@willkie.com<br>ckoenig@willkie.com<br><br>*Counsel to the Carrix Entities* | |
| In Re:<br><br>HANJIN SHIPPING CO., LTD.[1],<br><br>   Debtor in a Foreign Proceeding. | Case No. 16-27041 (JKS)<br><br>Chapter: 15<br><br>Judge: John K. Sherwood<br><br>Hearing Date: September 9, 2016<br>Hearing Time: 10:00 a.m. |

---

[1] The last four digits of Hanjin Shipping Co., Ltd.'s Business Registration Number are 1835. The Debtor's main corporate and mailing address is Hanjin Shipping Bldg., 25 Gukjegeumyung-Ro 2-Gil, Yeongdeungpo-Gu, Seoul 07327, Korea.

**LIMITED OBJECTION OF CARRIX ENTITIES TO
MOTION OF FOREIGN REPRESENTATIVE FOR ENTRY OF
PROVISIONAL AND FINAL ORDERS GRANTING RECOGNITION OF
FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT
TO SECTIONS 362, 365, 1517, 1519, 1520, 1521, AND 105(A) OF BANKRUPTCY CODE**

1. Certain entities affiliated with Carrix, Inc. (collectively, the "**Carrix Entities**")[2] respectfully submit this limited objection (this "**Limited Objection**") to the *Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, and 105(A) of the Bankruptcy Code* [Docket No. 5] (the "**Motion**").

2. Hanjin Shipping Co., Ltd. (the "**Debtor**") filed its corporate rehabilitation case in the South Central District Court of Korea (the "**Korean Proceeding**") on September 1, 2016 (the "**Commencement Date**"). On September 2, 2016, Mr. Tai-Soo Suk (the "**Foreign Representative**") filed a petition for recognition of the Korean Proceeding under chapter 15 of the Bankruptcy Code in this Court, and on the same day, filed the Motion.

3. The Carrix Entities are among the world's largest marine and rail terminal operators, with operations at numerous maritime terminals around the world, including in Long Beach, California (the "**Pacific Container Terminal**" or "**PCT**") and Oakland, California (the "**Oakland International Container Terminal**" or "**OICT**" and, together with PCT and other terminals controlled by, or at which one of the Carrix Entities serve as a stevedore, the "**Terminals**").

4. The Debtor is a carrier line that contracts with customers to deliver their goods, and the Debtor's ships regularly dock at the Terminals, where cargo owned by the Debtors' customers is loaded or unloaded (as the case may be). In the ordinary course of the Debtor's

---

[2] The Carrix Entities include: (a) SSA Terminals (Oakland), LLC, (b) Pacific Maritime Services, LLC, (c) SSA Terminals, LLC, (d) SSA Pacific, Inc., (e) SSA Cooper, LLC, (f) Coast Maritime Services, Inc., (g) SSA Containers, Inc., (h) Shippers Transport Express, Inc., and (i) SSA Mexico, Inc.

business, the Debtor transports its customers' cargo in shipping containers owned or leased by the Debtor (the "**Containers**") on ships which the Debtor either owns or charters. The Carrix Entities have various contracts with the Debtor, pursuant to which the Carrix Entities provide a variety of services to the Debtor at the Terminals in exchange for fees paid by the Debtor. These services include (a) berthing vessels; (b) hiring longshore labor to work the vessels; (c) loading and unloading containers from vessels; (d) storage (warehousing) of containers, including providing security and monitoring; and (e) other related handling of the containers.

5. Substantial property of the Debtor is currently located at the Terminals. Specifically, the Debtor currently has over 2,000 Containers at the Terminals, and over 1,500 additional Containers are due to arrive within the next two weeks. Pursuant to (a) the contracts between the Carrix Entities and the Debtor and (b) applicable maritime law and state law, the Carrix Entities have possessory liens on the Debtor's Containers and other property which is in the possession of the Carrix Entities.

6. The Debtor's filing of the Korean Proceeding interrupted these ordinary course operations. The Debtor has not paid very substantial sums to the Carrix Entities for services which were provided by the Carrix Entities before the Commencement Date, and it appears that the Debtor has not obtained financing which would permit it to pay for the Carrix Entities' continued services. Accordingly, the Debtor's Containers which are currently at the Terminals will not be loaded or unloaded unless the Carrix Entities have assurance of payment for their continued services.

7. Since the filing of the Korean Proceeding, certain of the beneficial owners of the cargo in the Debtor's Containers (the "**Beneficial Owners**") have been highly concerned about getting delivery of their cargo currently in the Containers. The Carrix Entities have arranged for

the Beneficial Owners to pay the fees due from the Debtor to the Carrix Entities for the delivery of the Containers to the Beneficial Owners. Once the fees due to the Carrix Entities have been paid in full, the Containers have been delivered to (or on behalf of) the Beneficial Owners. The Debtor has expressly consented to these arrangements and to the delivery of the Debtor's Containers to the Beneficial Owners.

8. The Debtor's proposed order granting the Motion (the "**Proposed Order**") [Docket No. 24] seeks to extend the automatic stay to the Debtor's property in the United States (among other requested relief). Therefore, and putting aside the express consent provided by the Debtor, since the Containers may be deemed the property of the Debtor, the Proposed Order may inadvertently prevent the Carrix Entities, the Beneficial Owners and the Debtor from entering into agreements which would cause the Debtor's Containers to be delivered to the Beneficial Owners. If such agreements cannot be reached to permit the delivery of the Beneficial Owners' cargo, there will be substantial interruptions to the businesses of the Carrix Entities and the Beneficial Owners, as the Beneficial Owners' cargo will be forced to remain at the Terminals, creating potential congestion issues and incurring ongoing storage and monitoring charges which the Debtor apparently cannot pay. Accordingly, the Carrix Entities respectfully submit that the Proposed Order must include a carve-out from the proposed injunction, which would permit the Carrix Entities and the Beneficial Owners to agree to the disposition of the Debtor's Containers without violating the Proposed Order or the automatic stay.

9. Specifically, the Carrix Entities respectfully submit that the following language should be added to the Proposed Order (the "**Carve-Out Language**"):

> "Notwithstanding anything to the contrary contained herein, if the Foreign Representative (or any other person authorized by the Foreign Representative) agrees to the transfer, relinquishment or other disposition of any of the Debtor's property which is being held by terminal operators or other parties with

possessory, maritime or similar liens, the injunction and stay provided for in this Order shall not apply to such transfer, relinquishment or other disposition of the Debtor's property.  The Foreign Representative shall be deemed to have consented to the following actions to be taken by any owner or operator of maritime terminals (collectively, the "**Terminal Operators**"): (a) the Terminal Operators shall be authorized, but not directed, to release any containers owned or leased by the Debtor (the "**Containers**") to owners of the goods in such Containers, and (b) the Terminal Operators shall not be required to accept any new empty Containers, and shall be authorized, but not directed, to move and store any empty Containers at the Terminals to a safe location designated by the Terminals."

10. The Carrix Entities are currently working with counsel to the Foreign Representative to address the Carrix Entities' concerns with the Proposed Order, but the Carrix Entities are filing this Limited Objection to ensure that the Court is aware of the Carrix Entities' request for the inclusion of the Carve-Out Language in the Proposed Order.

*[The remainder of this page is intentionally left blank]*

## CONCLUSION

11. For all the foregoing reasons, the Carrix Entities respectfully request that this Court deny the Motion unless the Proposed Order includes the Carve-Out Language, and grant such other and further relief as this Court deems just or proper.

Dated: Bridgewater, New Jersey
September 8, 2016

**NORRIS MCLAUGHLIN & MARCUS, P.A.**

/s/ Matteo Percontino
Bruce J. Wisotsky, Esq.
Matteo Percontino, Esq.
721 Route 202-206, Suite 200
P.O. Box 5933
Bridgewater, New Jersey 08807-5933
Telephone: (908) 722-0700
Email: bwisotsky@nmmlaw.com
   mpercontino@nmmlaw.com

-and-

**WILLKIE FARR & GALLAGHER LLP**

John C. Longmire
Christopher S. Koenig
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: jlongmire@willkie.com
   ckoenig@willkie.com

-and-

**GARVEY SCHUBERT BARER**

Charles C. Robinson
Second & Seneca Building
1191 Second Avenue
18th Floor
Seattle, WA 98101-2939
Telephone: (206) 464-3939
Facsimile: (206) 464-0125

*Counsel to the Carrix Entities*