**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Ilana Volkov
ivolkov@coleschotz.com
Edward S. Kiel
edward.kiel@coleschotz.com
(201) 489-3000
(201) 489-1536 Facsimile
*Attorneys for Tai-Soo Suk, Foreign*
*Representative of Hanjin Shipping Co., Ltd.*

|  |  |
|---|---|
| In re:<br><br>HANJIN SHIPPING CO., LTD.,[1]<br><br>         Debtor in a Foreign<br>         Proceeding. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HONORABLE JOHN K. SHERWOOD<br>CASE NO. 16-27041 (JKS)<br>         Chapter 15<br><br>HEARING DATE AND TIME:<br>SEPTEMBER 9, 2016, AT 10:00 A.M. |

**ORAL ARGUMENT REQUESTED**

**FOREIGN REPRESENTATIVE'S (I) SUPPLEMENTAL SUBMISSION
IN SUPPORT OF MOTION OF FOREIGN REPRESENTATIVE FOR
ENTRY OF ORDER GRANTING PROVISIONAL RELIEF PURSUANT
TO SECTIONS 362, 365, 1519, 1520, AND 105(A) OF THE BANKRUPTCY
CODE AND (II) OMNIBUS RESPONSE TO OBJECTIONS**

TO:   HONORABLE JOHN J. SHERWOOD
       UNITED STATES BANKRUPTCY JUDGE

Tai-Soo Suk, the duly appointed foreign representative (the "Foreign Representative")

of Hanjin Shipping Co. Ltd. ("Hanjin," the "Company," or the "Debtor") in connection with the

pending proceeding (the "Korean Proceeding") filed by Hanjin under the Debtor Rehabilitation

---

[1] The last four digits of Hanjin Shipping Co., Ltd.'s Business Registration Number are 1835.  The Debtor's main corporate and mailing address is Hanjin Shipping Bldg., 25 Gukjegeumyung-Ro 2-Gil, Yeongdeungpo-Gu, Seoul 07327, Korea.

and Bankruptcy Act in the Seoul Central District Court (the "Korean Court") in Seoul, Republic

of Korea ("Korea"), by and through his counsel, Cole Schotz P.C., hereby files this

(I) supplemental submission (the "Supplement") in support of the Foreign Representative's

motion (the "Provisional Relief Motion")[2] for entry of an order granting provisional relief

pursuant to sections 362, 365(e), 1519, 1520, and 105(a) of title 11 of the United States Code

(the "Bankruptcy Code"); and (II) omnibus response (the "Response") to objections thereto (the

"Objections"), and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      It is crucial to the success of Hanjin's global rehabilitation efforts that

Hanjin and its property in the U.S. receive continued protection of the automatic stay until the

Court can conduct a hearing on the Foreign Administrator's request for recognition of the

Korean Proceeding as a foreign main proceeding.  While none of the objectors dispute this

proposition (many actually support the requested provisional relief), they each advance parochial

interests that, if obliged, would actually end run the stay order entered by the Korean Court on

August 31, 2016 (the "Korean Stay Order"), the commencement order entered by the Korean

Court on September 1, 2016 (the "Korean Commencement Order"), and the purpose of Chapter

15.[3]  Indeed, the main objectives of Chapter 15 (i.e., (i) cooperation between the United States

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Provisional Relief Motion.

[3] The provisional relief requested by the Foreign Representative requires the court to balance the interest of all creditors without favoring one group over another.  See 11 U.S.C. § 1522(a); see also In re Tri-Cont'l Exch. Ltd., 349 B.R. 637 (Bankr. E.D. Cal. 2006) (stating that bankruptcy courts must balance the interests of all creditors and those affected by discretionary relief "without unduly favoring one group of creditors over another"); In re Sphinx Ltd., 351 B.R. 103, 112 (Bankr. S.D.N.Y. 2006) ("First, Congress directed the court to focus on the interests of all creditors and other interested parties, not just those of U.S. parties.  Second, section 1522(a) implements and harmonizes with section 1501(a)'s policy statement: in light of section 1501(a), the Court shall protect the parties' interests by implementing fair, efficient and, it is hoped, cooperative procedures designed to maximize the value of the debtor's assets for distribution").

46807/0007-13561283v3

and foreign courts; (ii) greater legal certainty for trade and investment; (iii) efficient

administration of cross-border insolvencies that protect the interests of stakeholders;

(iv) protection and maximization of the value of the foreign debtor's assets; and (v) protection of

investment, preservation of employment and facilitation of the reorganization of troubled foreign

debtors) can be achieved here only by entry of the requested provisional relief.

2.       Importantly, some of the objectors ignore that the type of relief sought in

the Provisional Order is not novel and is routinely granted in Chapter 15 shipping cases over

many of the same objections that have been asserted in the case *sub judice*.  See, e.g., In re

Daebo Int'l Shipping Co., Ltd., Case No. 15-10616 (Bankr. S.D.N.Y. Mar. 19, 2015) [Docket

No. 21] (the "Daebo Provisional Order"), a copy of which is attached hereto as Exhibit A; In re

STX Pan Ocean Co. Ltd., Case No. 13-12046 (Bankr. S.D.N.Y. July 1, 2013) [Docket No. 30]

(the "STX Provisional Order"), a copy of which is attached hereto as Exhibit B; In re The Sanko

S.S. Co., Ltd., Case No. 12-12815 (Bankr. S.D.N.Y. July 11, 2012) [Docket No. 36] (the "Sanko

Provisional Order"), a copy of which is attached hereto as Exhibit C; In re Korea Line Corp.,

Case No. 11-10789 (Bankr. S.D.N.Y. Apr. 20, 2011) [Docket No. 56] (the "Korea Line

Provisional Order"), a copy of which is attached hereto as Exhibit D.  Guided by these decisions,

this Court respectfully should enter the Provisional Order.

## BACKGROUND

3.       On September 2, 2016 (the "Petition Date"), the Foreign Representative filed the

above-captioned case pursuant to chapter 15 of the Bankruptcy Code.

4.       The Court is respectfully referred to the Provisional Relief Motion and the

Declarations in Support for a description of the Korean Proceeding and the Debtor's activities,

business and circumstances leading to the filing of the chapter 15 case.

46807/0007-13561283v3

5.      On September 6, 2016, the Court conducted an interim hearing on the Motion, after which it entered the *Interim Provisional Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of Bankruptcy Code* [Docket No. 22] (the "Interim Provisional Order").  The Interim Provisional Order continued the hearing on the Motion to September 9, 2016 at 10:00 a.m. (EST) (the "Continued Hearing").  A revised proposed Provisional Order is attached hereto as Exhibit E, and a blackline to the Interim Provisional Order is attached hereto as Exhibit F.

46807/0007-13561283v3

## OMNIBUS RESPONSE

6.      For ease of the Court's consideration, set forth below is a summary of each of the

Objections and the Foreign Representative's responses thereto:

| Purported Maritime Lienholders[4] | |
| --- | --- |
| *Objections* | *Responses* |
| The U.S. Bound Vessels[5] are subject to attachment and/or arrest and/or maritime liens and permitting them to move would jeopardize these constituents' purported maritime liens and their rights thereunder. | • The Foreign Representative does not dispute that applicable maritime law provides for the creation of maritime liens arising from the provision of fuel or other "necessaries."  However, the unique ability of creditors to pursue charters, ship owners, and vessels for the same maritime claim does not and should not deny Hanjin the protections afforded to foreign debtors under chapter 15.[6]<br>• In a case involving similar circumstances, In re Korea Line Corp., Case No. 11-10789 (REG), the court made clear that ownership of a vessel, or a bare charter, is not required for application of chapter 15's injunctive protections: "It doesn't  matter whether the vessel is owned by Korea Lines, is being rented or chartered by Korea Lines or is being operated in some other capacity by Korea Lines.  In any one of these variants I have to protect the petitioners from anything within the United States that interferes with that."  See id., Docket No. 27, Transcript of Mar. 14, 2011 Hearing, p. 36, an excerpted copy of which is attached hereto as Exhibit G.  Consequently, the court granted a preliminary injunction and, subsequently, a recognition order expressly enjoining "any act to obtain possession of, or exercise control over . . . any asset or property chartered, leased, managed or operated, but not owned by Korea Line that is located in the territorial jurisdiction of the United States . . . ."  Korea Line Provisional Order, p. 4 (emphasis added).<br>• Any arrest orders or attachments that were issued or obtained after the entry of the Korean Stay Order should be vacated.  See In re Daebo Int'l Shipping Co. Ltd., 543 B.R. 47, 54 (Bankr. S.D.N.Y. 2015) (stating that "under Korean law the stay order plainly was intended to have worldwide effect"); see also Evridiki Navigation v. Sanko S.S. Co., Ltd., 880 F. Supp. 2d 666, 674-75 (D. Md. 2012) (refusing to maintain attachment to obtain secured creditor status on the basis that, among other things, it was inappropriate to "encumber[] a major revenue-generating asset of a business whose successful reorganization . . . turns on its ability to stay financially afloat" and noting that the attachments would be addressed in the foreign proceeding). |

---

[4] This group of objectors includes, but is not limited to, OceanConnect Marine, Inc., Glencore, McAllister Towing & Transportation, Inc. and Moran Towing Corporation.

[5] As of the date of entry of the Korean Stay Order, the vessels whose planned next port is located in the United States were (the "U.S. Bound Vessels"): Hanjin Montevideo, Hanjin Miami, Hanjin Greece, Hanjin Gdynia, Hanjin Jungil, Hanjin Boston, Seaspan Efficiency, Hanjin Scarlet, Hanjin Marine, Hanjin Vienna, Hanjin Bremerhaven, Hanjin Baltimore, and Hanjin Croatia.  The only U.S. Bound Vessel that is owned by Hanjin is the Hanjin Scarlet.  All other U.S. Bound Vessels are chartered by Hanjin.

[6] Purported maritime lienholders will retain all their rights against the applicable vessel (and its owner), but enforcement of those rights should appropriately be stayed where exercising such rights implicates property of Hanjin.

5

| Purported Maritime Lienholders[4] | |
|---|---|
| *Objections* | *Responses* |
| One Purported Maritime Lienholder, World Fuel Services, Inc., relies on contractual terms and two cases taken out of context, to support its position that it should be permitted to enforce its purported maritime liens. | • The case of <u>Riffe Petroleum Co. v. Cibro Sales Corp.</u>, 601 F.2d 1385, 1289 (10th Cir. 1979), involved a creditor action that implicated the debtor's charter party, but no other property of the estate.<br>• The case of <u>Chugach Timber Corp. v. N. Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.)</u>, 23 F.3d 241 (9th Cir. 1994), involved a creditor action that briefly implicated logs and timber cargo belonging to the debtor, but no charter party or other contractual interests.<br>• Maritime lienholders cannot execute or otherwise enforce their liens pending recognition of a chapter 15.  <u>See</u> <u>Daebo Provisional Order</u>; <u>STX Provisional Order</u>; <u>Sanko Provisional Order</u>; <u>Korea Line Provisional Order</u>. |

| Cargo Interests[7] | |
|---|---|
| *Objections* | *Responses* |
| The Debtor requires financing in order for the provisional relief to be granted. | • These parties misunderstand the standard for provisional relief in a Chapter 15 case before recognition is granted.  The burden for provisional relief is to demonstrate the likelihood of success in obtaining recognition of the foreign proceeding, not that it is likely to achieve agreement with its creditors on ultimate reorganization or the ultimate reorganization.  Accordingly, these constituents' arguments do not need to be addressed at this juncture.<br>• Financing will be addressed in connection with the Korean Proceeding, and any lack thereof is not a basis for the Cargo Interests to object to the requested provisional relief.  Indeed, the Commencement Order does not require the Debtor to file its rehabilitation plan until November 25, 2016. |
| Attachments and arrest orders prevent vessels from docking, thereby holding these constituents' goods hostage and therefore request a protocol for retrieval of their cargo. | • Entry of the Provisional Order would address attachments and arrest orders.<br>• Beneficial Cargo Owners ("<u>BCO's</u>") can make financial arrangements to retrieve cargo with the Foreign Representative's consent, not to be unreasonably withheld, and then file a claim in the Korean Proceeding.  <u>See</u> In re Daebo Int'l Shipping Co. Ltd., 543 B.R. 47, 54 (Bankr. S.D.N.Y. 2015) ("The United States creditors may file claims in the Korean proceeding and are entitled to equal treatment with other unsecured creditors").<br>• The Foreign Administrator has agreed to a protocol to allow BCO's to obtain their cargo.  The proposed language is attached hereto as <u>Exhibit H</u> (the "<u>Proposed Cargo Protocol</u>"). |
| Section 1522(a) of the Bankruptcy Code requires the Court to provide adequate protection. | • Section 1522(a) requires the implementation of fair, efficient and, it is hoped, cooperative procedures designed to maximize the value of the debtor's assets for distribution.  <u>See</u> In re Sphinx, Ltd., 351 B.R. 103, 112-113 (Bankr. S.D.N.Y. 2006).<br>• "Sufficient protection" is not the same as "adequate protection" and legislative history makes clear that the language choice in section 1522(a) was implemented so as "to avoid confusion with [this] very specialized legal term in the United States bankruptcy."  In re Toft, 453 B.R. 186, 196 n.11 (Bankr. S.D.N.Y. 2011) (citing H.R. Rep. No. 109–31, Pt. 1, 109th Cong., 1st Sess. 116 (2005), U.S. Code Cong. & Admin. News 2005, pp. 88, 178).<br>• To the extent the Court is even required to consider Section 1522 here, the BCO's are sufficiently protected with the Proposed Cargo Protocol. |

---

[7] This group of objectors includes all entities who own property physically located on the U.S. Bound Vessels.  For example, HP Inc. and Samsung Electronics Co. Ltd. are included.

46807/0007-13561283v3

| "Possessory Lienholders" and Railways[8] | |
|---|---|
| *Objections* | *Responses* |
| Request the ability to release or transfer cargo and any Hanjin containers to customers. | • The Foreign Representative is not seeking to impair possessory liens that existed as of August 31, 2016, the date of entry of the Korean Stay Order.<br>• Pursuant to the automatic stay, the Debtor is precluded from paying these constituents' underlying claims, to the extent valid. Any such claims will be administered as part of the Korean Proceeding.<br>• To the extent post-petition services provided by these constituents are not paid, they will hold a post-petition lien, which is not prevented by the automatic stay.<br>• With the Foreign Administrator's consent, which shall not be unreasonably withheld, arrangements can be made to retrieve cargo upon payment. |

| Lanyard LLC | |
|---|---|
| *Objections* | *Responses* |
| Requests administrative expense claim for fuel provided post-petition. | • As Lanyard LLC correctly points out, section 503 of the Bankruptcy Code permits payment of the "actually, necessary costs and expenses of preserving the estate. 11 U.S.C. § 503(b)(1)(A). In a chapter 15 case, however, there is no "estate" to benefit. See In re JSC BTA Bank, 434 B.R. 334, 337 (Bankr. S.D.N.Y. 2010) ("[C]ases under chapter 15 are ancillary in nature and do not create an estate within the meaning of section 541 of the Bankruptcy Code."). |

## RESERVATION OF RIGHTS

7.      The Foreign Representative expressly reserves all of his rights, arguments, claims, and defenses with respect to any objection to the Recognition and Relief Motion, including any objections filed in accordance with the Interim Provisional Order, and further reserves his rights to supplement this Supplement and Response, including by responding on the record at the Continued Hearing.

*[Remainder of Page Left Intentionally Blank]*

---

[8] This group of objectors includes, but is not limited to, Maher Terminals LLC and APM Terminals Pacific LLC.

46807/0007-13561283v3

## <u>CONCLUSION</u>

WHEREFORE, the Foreign Representative respectfully requests that the Court grant the

Motion, enter the Provisional Order and grant such other relief as the Court deems just and

proper under the circumstances.

DATED:    September 8, 2016

<div style="margin-left: 40%;">

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Ilana Volkov*
Ilana Volkov
Edward S. Kiel

*Attorneys for Tai-Soo Suk, Foreign*
*Representative of Hanjin Shipping Co., Ltd.*

</div>

8