UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____

**Caption in Compliance with D.N.J. LBR
9004-1(b)**

WASSERMAN, JURISTA & STOLZ, P.C.
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
Phone: (973) 467-2700
Fax: (973) 467-8126
dstolz@wjslaw.com

SIMMS SHOWERS LLP
201 International Circle
Baltimore, Maryland 21030
Phone: (410) 783-5795
Fax: (410) 510-1789
jssimms@simmsshowers.com

Attorneys for OceanConnect Marine, Inc.,
Glencore, McAllister Towing & Transportion,
Inc., and Moran Towing Corporation

| | |
|---|---|
| In Re:<br>Hanjin Shipping Co., Ltd. | Case No.: 16-27041 (JKS)<br>Chapter: 15<br>Hearing Date: September 9, 2016<br>Judge: John K. Sherwood |

**EMERGENCY MOTION OF MARITIME LIEN HOLDERS
OCEANCONNECT MARINE, GLENCORE, MCALLISTER AND MORAN
FOR THIS COURT TO RECONSIDER ITS ORDER DENYING
<u>MARITIME LIEN RIGHTS OF ARREST OR SECURITY</u>**

This Court mistakenly held today that maritime Lien Creditors OceanConnect Marine,

Inc., Glencore, McAllister Towing & Transportion, Inc., and Moran Towing Corporation (herein

the "Maritime Lien Creditors") would be able to assert maritime liens *in rem* against Hanjin-

chartered vessels in Korea and that they otherwise would be secured creditors in Korea.

This Court should reconsider its decision including because it is contrary not only to

black letter U.S. maritime law – but to Korean maritime law as well.

First, none of the vessels involved belong to Hanjin.  There accordingly is no lien here (or

security interest) against Hanjin property.  Fundamentally, no Korea law has been presented (nor

does any exist) which would extend security interest claimants against property which is not

property of the debtor, any lien recognized in the Korean insolvency proceedings.

Fundamentally, the Maritime Lien Creditors have no secured rights in Korea, for their maritime

liens against these chartered vessels.

Second, there is no maritime lien or claim recognized in Korea for the debt of a charterer

– and all of the Vessels here are chartered.  Consequently, there is no maritime arrest provided in

Korea for the Maritime Lien Creditors' claims.  As summarized in the attached statement of

Korea maritime law:

> 9. What is the position as regards Bareboat and Time-Chartered vessels?
>
> The arrest of a ship under Chapter 5 of the Commercial Code requires the
> existence of a claim against the ship, as opposed to a bareboat or time charterer.
> To arrest a ship in a preliminary attachment proceeding, the arresting party must
> have a claim against the registered owner of the ship. Accordingly, a claim
> against a bareboat or time charterer will not give rise to a right to arrest a ship by
> way of preliminary attachment.

What this Court has ordered extinguishes the Maritime Lien Creditors' maritime liens in

rem, entirely secured claims under U.S. law.  The Court's order does not provide the Maritime

Lien Creditors "sufficient protection" under 11 U.S.C. Section 1522.  Instead, this Court must

require that  under Section 1522 Hanjin to provide suitable bond(s) or other security to the

Maritime Lien Creditors – or – permit the Maritime Lien Creditors to proceed to arrest the

Vessels in the United States, now,  on the Maritime Lien Creditors' maritime liens.

The Court also overlooks that the shipowners (which are not Hanjin) can post security –

and this frequently (and particularly where a charterer, like Hanjin, is insolvent) almost always (

unless the vessel is finally auctioned) occurs.  Again the Maritime Lienholders' maritime liens

are against the Vessels, which are owners' not Hanjin's property.  The Court further should

reconsider its order because it extends protection to third parties ( the shipowners ) who are

neither entiled to ( nor have asked for, even if they were entitled) third party protection of this

Court.

Respectfully submitted,

WASSERMAN, JURISTA & STOLZ, P.C.
Counsel to OceanConnect Marine, Inc.,
Glencore, McAllister Towing & Transportion,
Inc., and Moran Towing Corporation


By:   */s/ Donald W. Clarke*

 DANIEL M. STOLZ, ESQ
 DONALD W. CLARKE, ESQ.

OF COUNSEL, PRO HAC MOTION
PENDING

J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Phone: (410) 783-5795
Fax: (410) 510-1789
jssimms@simmsshowers.com


Dated:  September  9, 2016