| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>Ilana Volkov<br>ivolkov@coleschotz.com<br>Edward S. Kiel<br>edward.kiel@coleschotz.com<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>*Attorneys for Tai-Soo Suk, Foreign Representative of Hanjin Shipping Co., Ltd.* | Order Filed on September 9, 2016 by Clerk U.S. Bankruptcy Court District of New Jersey<br><br>Case No. 16-27041 (JKS) |
| In re:<br><br>HANJIN SHIPPING CO., LTD.,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>**Hearing Date and Time:**<br>**September 9, 2016, 10:00 a.m.** |

**ORDER GRANTING PROVISIONAL RELIEF PURSUANT
TO SECTIONS 362, 365(E), 1519, 1520, AND 105(A) OF THE BANKRUPTCY
CODE PENDING HEARING ON PETITION FOR RECOGNITION
<u>AS A FOREIGN MAIN PROCEEDING</u>**

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby **ORDERED**.

**DATED: September 9, 2016**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] The last four digits of Hanjin Shipping Co., Ltd.'s Business Registration Number are 1835. The Debtor's main corporate and mailing address is Hanjin Shipping Bldg., 25 Gukjegeumyung-Ro 2-Gil, Yeongdeungpo-Gu, Seoul 07327, Korea.

40000/0220-13546074v5

| | |
|---|---|
| (Page 2) | |
| Debtor: | HANJIN SHIPPING CO., LTD. |
| Case No.: | 16-27041 (JKS) |
| Caption of Order: | ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO SECTIONS 362, 365(e), 1519, 1520, AND 105(a) OF THE BANKRUPTCY CODE PENDING HEARING ON PETITION FOR RECOGNITION AS A FOREIGN MAIN PROCEEDING |

Upon the motion (the "Motion")[2] of Tai-Soo Suk, the duly appointed foreign representative (the "Foreign Representative") of Hanjin Shipping Co. Ltd. ("Hanjin," the "Company" or the "Debtor"), for entry of a provisional order granting recognition of foreign main proceeding and certain related relief pursuant to sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 109 and 1501; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the provisional relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and an interim hearing having been held on September 6, 2016, to consider the relief requested in the Motion (the "Interim Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and the Court having entered an Interim Order granting the Motion on September 6, 2016 [Docket No. 22] (the "Interim Order") and scheduling a final hearing on the Motion for September 9, 2016 (the "Final Hearing"); and upon the Declarations in Support, and the verified chapter 15 petition, filed contemporaneously with the Motion, the record of the Interim Hearing, the Final Hearing and all other proceedings heretofore had before the Court; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Debtor, its creditors,

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

(Page 3)
Debtor: HANJIN SHIPPING CO., LTD.
Case No.: 16-27041 (JKS)
Caption of Order: ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO SECTIONS 362, 365(e), 1519, 1520, AND 105(a) OF THE BANKRUPTCY CODE PENDING HEARING ON PETITION FOR RECOGNITION AS A FOREIGN MAIN PROCEEDING

"cargo interests," and all other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

  A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

  B. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

  C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

  D. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

  E. The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (a) the Korean Proceeding is a "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (b) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, (c) all statutory elements for the relief granted herein are satisfied in accordance with section 1517 of

(Page 4)
Debtor:             HANJIN SHIPPING CO., LTD.
Case No.:           16-27041 (JKS)
Caption of Order:   ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO SECTIONS 362, 365(e), 1519, 1520, AND 105(a) OF THE BANKRUPTCY CODE PENDING HEARING ON PETITION FOR RECOGNITION AS A FOREIGN MAIN PROCEEDING

---

the Bankruptcy Code, (d) upon recognition of the Korean Proceeding as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in this chapter 15 case pursuant to section 1520(a)(1) of the Bankruptcy Code, and (e) that application of section 365(e) to prevent contract counterparties from terminating their prepetition contracts with Hanjin is entirely consistent with the injunctive relief afforded by the automatic stay under section 362.

   F. The Foreign Representative has demonstrated that (a) the commencement or continuation of any proceeding or action in the U.S. against Hanjin and its business and all of its assets should be stayed on a provisional basis pursuant to sections 1519, 1521, and 105(a) of the Bankruptcy Code, which protections, in each case, shall be coextensive with the provisions of section 362 of the Bankruptcy Code, to permit the fair and efficient administration of the Korean Proceeding for the benefit of all stakeholders, and (b) the benefits of the relief granted herein outweigh the hardships to any parties in interest that have objected to such relief.

   G. The Foreign Representative has demonstrated that without the protection of sections 362 and 365(e) of the Bankruptcy Code on a provisional basis, there is a material risk that counterparties to certain of Hanjin's contracts may take the position that the commencement of the Korean Proceeding or this chapter 15 case allows them to terminate such contracts or continue litigation in the U.S. Such positions would severely impair Hanjin's restructuring efforts and result in irreparable damage to Hanjin's business, the value of Hanjin's assets and substantial harm to Hanjin's creditors and other parties in interest.

| | |
|---|---|
| (Page 5) | |
| Debtor: | HANJIN SHIPPING CO., LTD. |
| Case No.: | 16-27041 (JKS) |
| Caption of Order: | ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO SECTIONS 362, 365(e), 1519, 1520, AND 105(a) OF THE BANKRUPTCY CODE PENDING HEARING ON PETITION FOR RECOGNITION AS A FOREIGN MAIN PROCEEDING |

H.  The Foreign Representative has demonstrated that absent the relief granted herein, there is a material risk that one or more parties in interest will take action against Hanjin or its assets.  As a result, Hanjin may suffer immediate and irreparable injury, loss, or damage for which there is no adequate remedy at law and therefore it is necessary that this Court grant the relief requested in the Motion.  Further, unless this Order is entered, Hanjin's assets could be subject to efforts by creditors to control, possess, or execute upon such assets located in the territorial jurisdiction of the United States and such efforts could result in Hanjin suffering immediate and irreparable injury, loss or damage by, among other things, creditors (a) interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, and (b) interfering with or undermining the success of the Korean Proceeding.

I.  The provisional relief sought is urgently needed to protect the Debtor's assets, will benefit Hanjin's creditors and outweighs the harm to any parties in interest objecting to the provisional relief.

J.  The interests of the public and public policy of the U.S. will be served by entry of this Order.

K.  The Foreign Representative and Hanjin are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted as set forth herein.

40000/0220-13546074v5

| | |
|---|---|
| (Page 6) | |
| Debtor: | HANJIN SHIPPING CO., LTD. |
| Case No.: | 16-27041 (JKS) |
| Caption of Order: | ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO SECTIONS 362, 365(e), 1519, 1520, AND 105(a) OF THE BANKRUPTCY CODE PENDING HEARING ON PETITION FOR RECOGNITION AS A FOREIGN MAIN PROCEEDING |

2.  The Provisional Order and the Korean Commencement Order hereby are given full force and effect on a provisional basis, including, without limitation, staying the commencement or continuation of any actions against Hanjin or any assets of Hanjin located within the territorial jurisdiction of the United States, and shall be given full force and effect in the U.S. until otherwise ordered by this Court.

3.  While this Order is in effect, the Foreign Representative and Hanjin are entitled to the full protections and rights pursuant to section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against Hanjin's assets within the territorial jurisdiction of the U.S..

4.  While this Order is in effect, pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, sections 362 and 365(e) of the Bankruptcy Code are hereby made applicable in this case to Hanjin and the property of Hanjin within the territorial jurisdiction of the U.S. including owned, operated or chartered (leased) vessels or property thereon (including bunkers) and any other transportation equipment (including containers and chassis) (collectively, the "Hanjin Assets"). Specifically, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its expressly authorized representatives and agents are hereby enjoined from:

   a)   execution against any of the Hanjin Assets;

   b)   the commencement or continuation, including the issuance or employment of process, of a judicial, quasi judicial, administrative, arbitral, or other action or

40000/0220-13546074v5

| | |
|---|---|
| (Page 7) | |
| Debtor: | HANJIN SHIPPING CO., LTD. |
| Case No.: | 16-27041 (JKS) |
| Caption of Order: | ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO SECTIONS 362, 365(e), 1519, 1520, AND 105(a) OF THE BANKRUPTCY CODE PENDING HEARING ON PETITION FOR RECOGNITION AS A FOREIGN MAIN PROCEEDING |

proceeding or process whatsoever, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise, against the Foreign Representative (with respect to Hanjin), Hanjin or any of the Hanjin Assets;

c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off (except as provided in the protocol attached hereto as Exhibit A), or other *in personam*, *in rem* or *quasi in rem* claim against against the Foreign Representative (with respect to Hanjin), Hanjin, any of the Hanjin Assets, or any asset or property chartered, leased, managed or operated, but not owned, by Hanjin that is located in the territorial jurisdiction of the United States (the "Non-Hanjin Related Assets");

d) transferring, relinquishing, or disposing of any of the Hanjin Assets to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative , Hanjin or Hanjin's affiliates, except with the consent of the Foreign Representative, Hanjin or Hanjin's affiliates, which consent shall not be unreasonably withheld, and except as provided in the protocol attached hereto as Exhibit A;

e) commencing or continuing an individual action or proceeding within the territorial jurisdiction of the United States concerning Hanjin, Hanjin Assets, Hanjin's rights, obligations, or liabilities;

f) terminating or modifying any contract or unexpired lease of Hanjin and any right or obligation under such contract or lease at any time after the commencement of this case solely because of a provision in such contract or lease that is conditioned on the (i) insolvency or financial condition of Hajin at any time before the closing of this case; or (ii) the commencement of this case; or (iii) the appointment of or taking possession by a trustee or custodian before the commencement of this case;

g) taking or continuing any act to obtain possession of, or exercise control over (including, but not limited to, seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to), the Foreign Representative (with respect to Hanjin), Hanjin, any of the Hanjin Assets, or the Non-Hanjin Related Assets.

h) arresting or attaching any vessel or other transportation equipment that is owned by, operated by or chartered to Hanjin;

(Page 8)
Debtor:            HANJIN SHIPPING CO., LTD.
Case No.:          16-27041 (JKS)
Caption of Order:  ORDER GRANTING PROVISIONAL RELIEF PURSUANT
                   TO SECTIONS 362, 365(e), 1519, 1520, AND 105(a) OF THE
                   BANKRUPTCY CODE PENDING HEARING ON PETITION FOR
                   RECOGNITION AS A FOREIGN MAIN PROCEEDING

_provided_, in each of paragraphs 4(a) through (h), such injunction shall be effective solely within the territorial jurisdiction of the United States.

5. Notwithstanding anything to the contrary contained herein, with respect to any loaded containers currently on land in the United States for which ocean freight has been or is paid in full as of the date of the release, the Foreign Representative shall be deemed to have consented to the release of any such loaded containers.

6. Nothing in this Order (including without limitation paragraphs 4(c) or 4(g)) should be deemed to (a) impair or otherwise impact the creation and/or continued existence of any possessory liens that exist or may exist in the future by operation of law; or (b) require third parties (including but not limited to terminal operators or cargo transportation carriers) that currently maintain or in the future will maintain possessory liens in Hanjin's property or assets (including but not limited to Hanjin containers) to relinquish such liens in their collateral (including but not limited to Hanjin's containers); _provided_ that vessel arrest shall not be permitted.

7. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code, or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

8. Except for the MV/Hanjin Montevideo which shall be the subject of a separate order, to the extent any of the Hanjin Assets were arrested before August 31, 2016

8

(Page 9)
Debtor:             HANJIN SHIPPING CO., LTD.
Case No.:           16-27041 (JKS)
Caption of Order:   ORDER GRANTING PROVISIONAL RELIEF PURSUANT
                    TO SECTIONS 362, 365(e), 1519, 1520, AND 105(a) OF THE
                    BANKRUPTCY CODE PENDING HEARING ON PETITION FOR
                    RECOGNITION AS A FOREIGN MAIN PROCEEDING

pursuant to an order entered by a U.S. District Court, such arrests shall remain in place pending further order of this Court, except that:

    a)    The Foreign Representative is authorized, in his sole discretion, to post substitute security and/or pay appropriate *custodial legis* expenses in an amount determined by the U.S. District Court for the district in which the Hanjin Assets or Non-Hanjin Related Assets were arrested without prejudice to any party's right to contest the underlying validity of the arrest or the amount of the substitute security posted or *custodial legis* expenses paid;

    b)    Upon the provision of substitute security, the U.S. District Court with jurisdiction over the Hanjin Assets or Non-Hanjin Related Assets that has been arrested is authorized immediately to release such Hanjin Assets or Non-Hanjin Related Assets; and

    c)    The substitute security provided will be held pending further order of this Court or the U.S. District Court where the matter at issue is pending.

9. To the extent any of the Hanjin Assets were arrested on and after August 31, 2016, such arrests hereby are vacated and rendered null and void in their entirety.

10. Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

11. Pending the entry of an order in connection with the Recognition Hearing and subject to the terms of this Order, the Foreign Administrator is entrusted with administering and/or realizing all of the Hanjin Assets and is authorized to operate Hanjin's business in the United States.

12. The Foreign Representative, Hanjin, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

40000/0220-13546074v5

| | |
|---|---|
| (Page 10) | |
| Debtor: | HANJIN SHIPPING CO., LTD. |
| Case No.: | 16-27041 (JKS) |
| Caption of Order: | ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO SECTIONS 362, 365(e), 1519, 1520, AND 105(a) OF THE BANKRUPTCY CODE PENDING HEARING ON PETITION FOR RECOGNITION AS A FOREIGN MAIN PROCEEDING |

13. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

16. Notwithstanding anything herein to the contrary, the relief requested herein shall be subject to (a) the rights, limitations, and protections afforded by Section 1522 of the Bankruptcy Code and (b) the rights of any party to seek relief from this Order. Nothing in this Order shall determine whether section 365 (other than Section 365(e)) applies to an executory contract or the applicable law and appropriate forum for the adjudication of any disputed matters relating thereto, all of which rights shall be reserved.

17. Within five (5) business days hereof, this Order shall be served upon known parties-in-interest at the time of such service. Such service shall be deemed good and sufficient notice for all purposes.

40000/0220-13546074v5

EXHIBIT A

For cargo yet to have been berthed and worked by the terminal and not already inland, nothing in this order or any other applicable law shall prohibit or impair the ability of any Beneficial Cargo Owner, agent or other third party logistics provider to enter into an agreement (the "Release Agreement") with any third-party or third parties (including, without limitation a Terminal Operator, Cargo Transportation Carrier, or any third party logistics provider) at the Beneficial Cargo Owner's or third party's expense based on reasonable, customary or agreed upon rates for any services provided by any Terminal Operator, Cargo Transportation Carrier, or any third party logistics provider to allow such Beneficial Cargo Owner to obtain custody and/or control of such Beneficial Cargo Owner's goods, including, but not limited to, services for removing such goods and/or container from any vessel or any terminal facility or Cargo Transportation Carrier, transporting such goods, storage, and/or demurrage, freight charges, flip charges, and/or any other charges incurred in handling such goods and/or containers, provided that such Beneficial Cargo Owner has paid to Hanjin the full ocean freight charges, less the sum of (i) any amounts previously paid to Hanjin for delivery of the affected cargo, and (ii) any amounts paid or required to be paid to a party other than Hanjin for obtaining custody and/or control of such Beneficial Cargo Owners goods at the regular rates that Hanjin contracted with a Terminal Operator, Cargo Transportation Carrier, or any third party logistics provider, and provided that, no amounts already paid by Hanjin to the Terminal Operator, Cargo Transportation Carrier, or any third party logistics provider will be deducted.  As used herein, full ocean freight means the full contract charge provided in the contract with Hanjin for the delivery of the affected cargo as in effect as of the petition date.

Hanjin shall reasonably cooperate with all such Beneficial Cargo Owner, Terminal Operator, Cargo Transportation Carrier or any third party logistics provider efforts including, without limitation, releasing of "line Hold" or bill of lading changes or effectuating "customs clearance" on such goods or other similar action to effectuate the desired result of a Beneficial Cargo Owner.  To the extent Hanjin fails to reasonably cooperate with a Beneficial Cargo Owner, Terminal Operator, Cargo Transportation Carrier or any third party logistics provider in connection with the applicable Release Agreement, such Beneficial Cargo Owner, Terminal Operator, Cargo Transportation Carrier or any third party logistics provider may request relief from this Court on two (2) calendar days' written notice.  Hanjin's interest in any container containing Beneficial Cargo Owner goods shall not impair the rights of a Beneficial Cargo Owner under this paragraph or excuse compliance by Hanjin with this paragraph.  Each Beneficial Cargo Owner that offers any payment pursuant to the terms hereof (assuming the Terminal Operator, Cargo Transportation Carrier or third party logistics provider otherwise agrees to accept such payment in consideration for releasing its possessory lien on any of Hanjin's property) shall be fully subrogated to the rights, liens and claims of any party paid and otherwise reserves all of its rights to assert a claim against Hanjin on account of any payment made by a Beneficial Cargo Owner pursuant to the terms hereof.  Notwithstanding the stay or injunction imposed herein nor any other applicable law, to the extent a Terminal Operator, Cargo Transportation Carrier or other party possessing Hanjin property obtains payment (in an agreed upon amount agreed upon by the parties), the Terminal Operator, Cargo Transportation Carrier, or other party possessing Hanjin property (including, but not limited to, Hanjin shipping containers) shall be permitted to transfer, relinquish or dispose of such property immediately free and clear of any liens, claims and interests and released from any and all liability related to the

release of such property including any disgorgement and avoidance, without further relief from this Court.

This Exhibit A shall not apply to the BCO's cargo in containers for which Hanjin has paid all contracted charges due from Hanjin to the Terminal Operator, Cargo Transportation Carrier, or any third party logistics provider.

Any party in interest not in agreement with this protocol may seek relief from this Court on notice to the Foreign Representative.