UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

WASSERMAN, JURISTA & STOLZ, P.C.
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
Phone: (973) 467-2700
Fax: (973) 467-8126
dstolz@wjslaw.com

SIMMS SHOWERS LLP
201 International Circle
Baltimore, Maryland 21030
Phone: (410) 783-5795
Fax: (410) 510-1789
jssimms@simmsshowers.com

Attorneys McAllister Towing & Transportation, Inc., Glencore, Chemoil, SeaCube, Textainer, Oceanconnect Marine, Inc. ("OCM"), and Trac Intermodal ("TRAC")

| | |
|---|---|
| In Re:<br>Hanjin Shipping Co., Ltd. | Case No.: 16-27041 (JKS)<br>Chapter: 15<br>Judge: John K. Sherwood |

**MOTION TO SHORTEN TIME
FOR HANJIN TO
APPEAR FOR BANKR. R. 2004 DEPOSITION WITH
<u>DOCUMENT PRODUCTION</u>**

Movants McAllister Towing & Transportation, Inc., Glencore, Chemoil, SeaCube, Textainer, Oceanconnect Marine, Inc. ("OCM"), and Trac Intermodal ("TRAC")("Movants") yesterday (Setpember 29th) served Hanjin with a Bankr. R. 2004 deposition subpoena (Exhibit A hereto) requiring Hanjin's deposition and document production Thursday, October 13th (14 days from service).

Movants with service yesterday (September 29th) of their subpoena however, requested Hanjin voluntarily to shorten its response time, to by/before October 5th. Hanjin as of the end of today (September 30th) has failed to respond.

Movants' need for the information the subpoena seeks is **urgent**.

First, this Court's Interim Order extends **only** to vessels under Hanjin charter or ownership.

**This protection (see affidavit of Korea counsel C.W. Lee, Exhibit B hereto) exceeds the protection for Hanjin-chartered vessels available in debtor's Korea main proceeding**. Provided that the vessel's flag state would allow arrest (many do not, and all prejudice U.S. maritime lien creditors as most Movants, because arrests are subordinate to vessel mortgages, unlike in the U.S.), some maritime lien claimants might arrest in Korea.

But, this Court's Interim Order makes plain that vessels which Hanjin does not own or charter may be arrested.

Movants have requested vessel owners, and Hanjin, to disclose when the vessels will go off charter. Hanjin and owners have not provided that information in response to voluntary requests.

This is especially important to know for the SEASPAN EFFICIENCY, to which OceanConnect provided $837,338.76 of unpaid bunkers at New York on August 28, 2016. Press reports are that after the New York discharge of the SEASPAN EFFICIENCY, to take place sometime (probably the first part of) next week, that vessel is to be taken to India/Bangladesh for scrap – **when scrapped destroying OceanConnect's $837,338.76 maritime lien claim entirely**.

Further, container lessors Textainer and SeaCube, and chassis lessor TRAC Intermodal, must have information (which only Hanjin has collected) with the locations of their respective containers and chassis. The longer the time that passes, the more likely that the containers and chassis will be stolen or have storage or other claims raised against them. Textainer, Seacube and TRAC must be able to locate and secure their equipment, now. They also have requested Hanjin to provide voluntarily the information which the subpoena seeks. Hanjin has provided some information but not what fully is needed, including the identities of the consignees/shippers now receiving the equipment.

If the Movants are not able to locate their property and secure their maritime lien rights before the vessels are sold for scrap, damaged, or otherwise abscond from U.S. ports, and not able to secure their property (containers and chassis) before they depart U.S. ports, then they mayl be *irreparably harmed.* Thus, it is essential that Movants be provided with information from the Debtor on the status of the vessels and their charter intentions, and also full information about the containers and chassis, as Debtor has not been forthcoming so far with that information.

A perquisite also for any final recognition order under 11 U.S.C. Section 1522 is that creditors be sufficiently protected. Movants seek information from Debtor showing that Movants will be sufficiently protected as Section 1522 requires, by the anticipated, final recognition order which is the same or similar to this Court's interim orders.

This Court therefore now should exercise its discretion to reduce the amount of time for parties to respond to the document requests and to provide a witness for testimony. *See* Federal Rules of Bankruptcy Procedure 2004 and 9006.

Good cause exists for the Court to set the response deadline to two (2) business days from this entry of this Court's Order. The document requests are limited to documents which the Debtor will have readily available (vessel manifests, container location lists, correspondence to and from vessel owners and charter brokers) and the testimony areas are limited.

Consequently, Movants request that this Court order that the Debtor respond to the discovery requests propounded by Movants as follows:

(A) That Debtor provide the documents requested as set forth in in the subpoena attached hereto as **Exhibit A** within two (2) business days of this Court's Order granting this motion, and that

(B) Debtor provide a witness or witnesses to respond to the testimony requested as set forth in the subpoena attached hereto as **Exhibit B**, within four (4) business days of this Court's Order granting this motion.

**WHEREFORE**, the Movants respectfully request that this Court grant this motion, and herewith submit a draft order.

Dated: September 30, 2016

       Respectfully submitted,

       WASSERMAN, JURISTA & STOLZ, P.C.
       Counsel to McAllister Towing & Transportation, Inc., Glencore, Chemoil, SeaCube, Textainer, Oceanconnect Marine, Inc. ("OCM"), and Trac Intermodal ("TRAC")

       By:  /s/ Donald W. Clarke

         DANIEL M. STOLZ, ESQ
         DONALD W. CLARKE, ESQ.

       /s/ J. Stephen Simms
       J. Stephen Simms (*pro hac vice*)
       Simms Showers LLP

201 International Circle  
Baltimore, Maryland 21030  
Phone: (410) 783-5795  
Fax: (410) 510-1789  
jssimms@simmsshowers.com