### AFFIDAVIT OF DR. HYUN KIM CONFIRMING THAT COMMON BENEFIT CLAIMS MAY BE PURSUED IN UNITED STATES COURTS

I, DR. HYUN KIM, hereby affirm under penalty of perjury, as follows:

1. I am a member and senior partner of Sechang & Co., a law firm based in Korea.

2. I have been practicing law in Korea for 29 years.

3. I have been asked by counsel for Interpool, Inc. (d/b/a TRAC Intermodal) and Container Leasing International LLC (d/b/a SeaCube Containers LLC) (collectively, the "Common Benefit Claimants") to prepare this affidavit.

4. I am familiar with the bankruptcy proceedings of Hanjin Shipping Co., Ltd. ("Hanjin") presently before the Korean bankruptcy court, *i.e.*, Insolvency Department VI, the Seoul Central District Court.

5. I am familiar with the facts and circumstances set forth in this affidavit.

6. I have been asked to provide an opinion on the issue of common benefit claims as they relate to the use and/or possession of equipment by a debtor in bankruptcy rehabilitation proceedings.

7. Specifically, I have been asked to provide an opinion on the following two issues:

    a. Whether a common benefit claim arises from the post-rehabilitation use and/or possession of leased equipment by a debtor even where the debtor has rejected the underlying lease agreements; and,

    b. Whether a common benefit claim may be prosecuted outside of the Korean bankruptcy court and/or outside of Korea.

8. I have also been asked to provide on opinion on the issue of maritime liens and specifically, whether a Korean insolvency court will recognize and give priority to a maritime lien that arises under U.S. law.

1



### Common Benefit Claims

9. A common benefit claim under Korean insolvency law is similar to an administrative expense under U.S. bankruptcy law in that it arises from post-petition liabilities that benefit the rehabilitation debtor's estate, and thus all creditors.

10. A key element of a common benefit claim is that it is to be paid on a current, "business as usual" basis outside of the rehabilitation proceedings and without any discount, set-off, or write-off by the rehabilitation debtor or the estate.

11. A common benefit claim is distinct from a pre-rehabilitation date claim, which is paid (if at all) pursuant to the rehabilitation plan. A common benefit claim is paid as it becomes due, without regard to the rehabilitation proceedings or plan.

12. A rehabilitation debtor that rejects a lease for the use of equipment (i.e. containers or chassis) is obligated to return that equipment to the lessor in accordance with the terms of the lease agreement.

13. When a rehabilitation debtor continues to use and/or possess equipment after the rehabilitation date, even if the debtor has otherwise rejected underlying the lease, the rental amounts accruing from such use are to be treated as common benefit claims.

14. The assertion and prosecution of common benefit claims that arise from the rehabilitation debtor's continued use of equipment following rejecting of the underlying lease is not restricted either to the Korean bankruptcy court or to the Korean judicial system.

15. A common benefit claimant may sue the rehabilitation debtor and otherwise prosecute its common benefit claim in any jurisdiction throughout the world.

16. I am aware that Hanjin has terminated each of the leases between itself and the each of the respective Common Benefit Claimants.



17. I am aware that Hanjin nevertheless continues to use and/or possess equipment from each of the Common Benefit Claimants, in part, for the purpose of effecting the shipment of cargo around the world. I am also aware that even though Hanjin were to redeliver the containers to the Common Benefit Claimants, the operators of the terminals where the containers were located rejected the release of the containers from their possession by way of exercising the liens on the containers.

18. I am also aware that Hanjin has not paid the contractual per diem rental to any of the Common Benefit Claimants for the equipment that Hanjin continues to use and/or possess.

19. Under these facts, and in accordance with Korean insolvency law, each of the Common Benefit Claimants has a common benefit claim against Hanjin equivalent to the daily rental value of each unit of equipment in use by and/or possession of Hanjin, calculated from the date of the rehabilitation proceedings until each container is returned to its respective Common Benefit Claimant. Provided, however, in case of the containers that were not employed for effecting shipment of cargo but remained idle in the terminals by way of the terminal operators' exercises of liens, the Common Benefit Claimants may not have common benefit claims on those containers.

20. Under Korean insolvency law, each of the Common Benefit Claimants has the right to pursue its respective common benefit claim against Hanjin in any court throughout the world, including in a U.S. court, notwithstanding the rehabilitation proceedings in Korea.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 15, 2016.

_____
Dr. HYUN KIM