**MCDERMOTT WILL & EMERY LLP**
Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Riley T. Orloff
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email:  twwalsh@mwe.com
　　　　dazman@mwe.com
　　　　rorloff@mwe.com

*Counsel to Textainer Equipment Management (U.S.) Limited*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 15 |
| HANJIN SHIPPING CO., LTD.,[1] | Case No. 16-27041 (JKS) |
| Debtor in a Foreign Proceeding. | Honorable John K. Sherwood |
| | **JOINDER OF TEXTAINER EQUIPMENT MANAGEMENT (U.S.) LIMITED TO THE LIMITED OBJECTION TO PROPOSED FINAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING FILED BY SEACUBE CONTAINERS, LLC, TRAC INTERMODAL, AND OCEANCONNECT MARINE, INC.** |

　　　　1.　　　Textainer Equipment Management (U.S.) Limited ("Textainer"), by and through its undersigned counsel, hereby files this joinder to the *Limited Objection to Proposed Final Order Granting Recognition of Foreign Main Proceeding* dated November 15, 2016 [Docket

---

[1] The last four digits of Hanjin Shipping Co., Ltd.'s Business Registration Number are 1835. The Debtor's main corporate and mailing address is Hanjin Shipping Bldg., 25 Gukjegeumyung-Ro 2-Gil, Yeongdeungpo-Gu, Seoul 07327, Korea.

No. 429] (the "Limited Objection"),[2] filed by Container Leasing International (d/b/a/ SeaCube Containers, LLC), Interpool, Inc. (d/b/a TRAC Intermodal), and OceanConnect Marine, Inc.

2. Prior to the commencement of this chapter 15 case, the Debtor leased certain intermodal containers from Textainer (the "Containers") pursuant to certain agreements (the "Container Agreements"). In the ordinary course of business, the Debtor used the Containers to ship cargo on its owned, chartered, and alliance vessels to and from various ports around the world, including the United States. The Containers typically contained cargo owned by parties referred to in this chapter 15 case as the "beneficial cargo owners" (the "BCOs").

3. The Debtor terminated the Container Agreements in the Korean Proceeding. However, the Debtor continued to use or possess the Containers for its own benefit after termination. Accordingly, to the extent that Hanjin's use or possession of the Containers gave rise to common benefit claims in favor of Textainer, Textainer's right to assert such claims should not be impaired.

4. To the extent the Debtor seeks entry of an order impairing Textainer's rights regarding the prosecution of common benefit claims that have arisen or may arise in the future, the requested relief should be denied. Alternatively, the Court should modify the scope of the automatic stay to be imposed pursuant to Bankruptcy Code sections 1520(a) and 362 to the extent necessary to preserve Textainer's rights. Accordingly, Textainer joins the Limited Objection.

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Limited Objection.

5.    Textainer reserves all rights, including the right to make such other and further objections to the relief requested in the Proposed Final Order as may be appropriate.

Dated: November 15, 2016
      New York, New York

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

*/s/ Riley T. Orloff*
Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Riley T. Orloff
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel to Textainer Equipment Management (U.S.) Limited*

DM_US 77759808-1.101346.0011