| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Steven R. Wirth<br>AKERMAN LLP<br>401 E. Jackson Street, Suite 1700<br>Tampa, Florida  33602<br>Telephone: (813) 223-7333<br>Facsimile: (813) 223-2837<br>Email: steven.wirth@akerman.com<br><br>and<br><br>Susan Balaschak (*admitted pro hac vice*)<br>AKERMAN LLP<br>666 Fifth Avenue, 20th Floor<br>New York, NY 10103<br>Tel: 212.880.3800<br>Fax: 212.880.8965<br>Email: susan.balaschak@akerman.com |

| | |
|---|---|
| In re:<br><br>HANJIN SHIPPING CO., LTD.,[1]<br><br>Debtor in a Foreign Proceeding. | Case No. 16-27041 (JKS)<br><br>Chapter 15<br><br>**Hearing Date and Time:<br>November 22, 2016, at 2: 00 p.m.** |

### LIMITED OBJECTION OF HSN, INC. TO PROPOSED FINAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365(e), 1517, 1520, 1521, AND 105(a) OF THE BANKRUPTCY CODE

HSN, Inc., and certain of its affiliates (collectively, "HSN"), by their undersigned counsel, hereby submit their Limited Objection ("Limited Objection") to the Proposed Final Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to

---

[1] The last four digits of Hanjin Shipping Co., Ltd.'s Business Registration Number are 1835. The Debtor's main corporate and mailing address is Hanjin Shipping Bldg., 25 Gukjegeumyung-Ro 2-Gil, Yeongdeungpo-Gu, Seoul 07327, Korea.

{39994664;2}

Sections 362, 365(e), 1517, 1521, and 105 (a) of the Bankruptcy Code ("Proposed Final Recognition Order"), and respectfully represent, as follows:

1. On or about October 21, 2016, Tai-Soo Suk, the Foreign Representative (the "Foreign Representative"), by his counsel filed the Proposed Final Recognition Order. [Docket # 392]. HSN finds paragraphs three (3) and five (5) of the proposed Order objectionable.

2. Paragraph 3 of the Final Proposed Recognition Order, reads as follows: " The Korean Stay Order, the Commencement Order and all other orders entered in the Korean Proceeding (collectively, the "Korean Orders"), including any extensions, amendments, or modifications thereto, hereby are enforced on a final basis and given full force and effect in the U.S."

3. Paragraph 3, in effect, approves and enforces, on a final basis, and gives full force and effect in the U.S. to all orders entered *and to be entered,* in the Korean Proceedings without regard to whether the terms of any future order violates US due process rights and/or are contrary to U.S. public policy. This is contrary to the very foundation of allowing for the recognition of foreign proceedings and of providing comity to the orders of foreign jurisdictions. It is unclear how this Court can now approve and enforce on a final basis and give full force and effect to orders not yet in existence.

4. HSN has been advised by counsel to the Foreign Representative that all references to **"all other orders"** will be deleted from the Proposed Final Recognition Order.

5. HSN also opposes the current version of paragraph 5, which in its entirety reads as follows: "Sections 362 and 365(e) of the Bankruptcy Code shall hereby apply in this case to Hanjin and the property of Hanjin within the territorial jurisdiction of the U.S. including, but not limited to, owned, operated or chartered (leased) vessels or property thereon (including bunkers)

and any other transportation equipment (including containers and chassis) (collectively, the "Hanjin Assets"). Specifically, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its expressly authorized representatives and agents hereby are enjoined from:

a) execution against any of the Hanjin Assets;

b) the commencement or continuation, including the issuance or employment of process, of a judicial, quasi-judicial, administrative, arbitral, or other action or proceeding or process whatsoever, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise, against the Foreign Representative (with respect to Hanjin), Hanjin or any of the Hanjin Assets;

c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off [(except as provided in the protocol attached to the Provisional Order as Exhibit A)], or other *in personam*, *in rem* or *quasi in rem* claim against the Foreign Representative (with respect to Hanjin), Hanjin, any of the Hanjin Assets, or any asset or property chartered, leased, managed or operated, but not owned, by Hanjin that is located in the territorial jurisdiction of the United States (the "Non-Hanjin Related Assets");

d) transferring, relinquishing, or disposing of any of the Hanjin Assets to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative, Hanjin or Hanjin's affiliates, except with the consent of the Foreign Representative, Hanjin or Hanjin's affiliates, which

         consent shall not be unreasonably withheld, and except as provided in the protocol attached to the Provisional Order as Exhibit A;

    e)    commencing or continuing an individual action or proceeding within the territorial jurisdiction of the United States concerning Hanjin, the Hanjin Assets, or Hanjin's rights, obligations, or liabilities;

    f)    terminating or modifying any contract or unexpired lease of Hanjin and any right or obligation under such contract or lease at any time after the commencement of this case solely because of a provision in such contract or lease that is conditioned on the (i) insolvency or financial condition of Hanjin at any time before the closing of this case; (ii) the commencement of this case; or (iii) the appointment of or taking possession by a trustee or custodian before the commencement of this case;

    g)    taking or continuing any act to obtain possession of, or exercise control over (including, but not limited to, seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to), the Foreign Representative (with respect to Hanjin), Hanjin, any of the Hanjin Assets, or the Non-Hanjin Related Assets;

    h)    arresting or attaching any vessel or other transportation equipment that is owned by, operated by or chartered to Hanjin; <u>provided,</u> in each of paragraphs 5(a) through (h), such injunction shall be effective solely within the territorial jurisdiction of the United States."

6.    Paragraph 5, as it currently reads does not provide any entity with an opportunity to have the injunction therein terminated, as against it. The provision should be revised to allow

for this Court to terminate the injunction, at any time, as against an entity to allow for the entity to proceed with any of the enumerated actions enjoined in the subparagraphs of paragraph 5.

7. Paragraph 5 should be revised to read, as follows: "Sections 362 and 365(e) of the Bankruptcy Code shall hereby apply in this case to Hanjin and the property of Hanjin within the territorial jurisdiction of the U.S. including, but not limited to, owned, operated or chartered (leased) vessels or property thereon (including bunkers) and any other transportation equipment (including containers and chassis) (collectively, the "Hanjin Assets"). Specifically, *except as may be otherwise ordered by this Court*, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its expressly authorized representatives and agents hereby are enjoined from …"

8. Counsel to HSN does not believe the proposed revision to paragraph 5 is controversial. Nonetheless, counsel for the Foreign Representative, without explanation, has advised that she will not make the requested change to paragraph 5.

**WHEREFORE**, HSN requests that this Court sustain HSN's Limited Objection and only approve and enter the Proposed Final Recognition Order, with the revision to paragraph 5 proposed herein.

Dated: November 15, 2016

By: */s/ Steven R. Wirth*
Steven R. Wirth
New Jersey Bar No.: 040681998
Akerman LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Email: steven.wirth@akerman.com
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

and

        Susan F. Balaschak (*admitted pro hac vice*)
        Akerman LLP
        666 Fifth Avenue, 20th Floor
        New York, NY  10103
        Email:  susan.balaschak@akerman.com
        Tel: 212.880.3800
        Fax: 212.880.8965

        *Counsel to HSN, Inc. and certain of its affiliates*