Document    Page 1 of 4

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>ARENT FOX LLP<br>George P. Angelich<br>George V. Utlik<br>1675 Broadway<br>New York, NY 10019<br>Tel: (212) 484-9300<br>Fax: (212) 484-3990<br>george.angelich@arentfox.com<br>george.utlik@arentfox.com<br><br>Attorneys for The Continental Insurance Company and Continental Casualty Company<br><br>In Re:<br><br>**HANJIN SHIPPING CO., LTD,**<br><br>             Debtor in a Foreign Proceeding. | Case No.: 16-27041 (JKS)<br>Chapter: 15<br>Hearing Date: November 22, 2016<br>Judge: John K. Sherwood |

**Limited Objection, and Joinder to Common Benefit Claimants' Limited Objection, to Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of the Bankruptcy Code and <u>Proposed Final Order Granting Recognition of Foreign Main Proceeding</u>**

The Continental Insurance Company and Continental Casualty Company (collectively, "Continental") file this Limited Objection and Joinder to the *Limited Objection to Proposed Final Order Granting Recognition of Foreign Main Proceeding* filed by certain Common Benefit Claimants [Docket No. 429] (the "Limited Objection") along with their supporting *Affidavit of Dr. Hyun Kim Confirming That Common Benefit Claims May Be Pursued in United States Courts* [Docket No. 431] (the "Affidavit") with respect to the *Motion of Foreign Representative for Entry*

*of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of the Bankruptcy Code* [Docket No. 5] (the "Recognition Motion") and Proposed Final Order Granting Recognition of Foreign Main Proceeding [Docket No. 392-1] (the "Proposed Final Order").  In support thereof, Continental states as follows:

1.  Continental files this Limited Objection and Joinder to protect its rights, including the right to assert, prosecute and enforce "common benefit claims" that it is entitled to assert and recover under applicable Korean law.  Continental's rights to payment and priority of "common benefit claims" under applicable Korean law fall outside Hanjin's rehabilitation proceeding in South Korea and should not be enjoined in Hanjin's Chapter 15 case.

2.  The Foreign Representative should not obtain (a) any relief in the United States that it is not entitled to obtain under Korean law; or (b) greater protection under Chapter 15 of the Bankruptcy Code than it is entitled to receive under Korean law.  Accordingly, any order granting recognition of Hanjin's Korean bankruptcy proceeding under the Bankruptcy Code should provide that common benefit claimants, such as Continental, are not prohibited from filing an action or pursuing their remedies with respect to "common benefit claims" in the United States.  Limiting the scope of the Final Recognition Order to the contours of Korean law and carving out protection to common benefit claimant will not offend comity principles.

3.  By way of background, Continental provides insurance indemnity coverage to cargo owners for cargo transported by Hanjin Shipping Company Ltd ("Hanjin").  Because Hanjin failed to deliver cargo to its contractual point of delivery, cargo owners incurred or may incur additional transportation or disposal costs, expenses, and fees that may give rise to two categories of claims: (a) claims for physical loss or damage to cargo; and (b) claims for additional costs,

expenses, and fees incurred for retrieving and transporting cargo from U.S. seaports to their final destination under applicable contracts (collectively, the "Cargo Claims"). Under Continental's insurance policies, Continental will possess claims against Hanjin (the "Indemnity Claims") on account of its coverage for Cargo Claims.

4. Continental's Indemnity Claims may constitute "common benefit claims" under Korean law because, among other things, Continental incurred or may incur expenses for coverage of Cargo Claims arising from conduct after the commencement of Hanjin's bankruptcy proceedings in Korea. Accordingly, Continental joins in the Common Benefit Claimants' Limited Objection. As set out in the Limited Objection and the Affidavit, under Korean insolvency law, common benefit claims against Hanjin must be paid on a current basis as liability accrues, separate and apart from the rehabilitation proceeding, and may be asserted and recovered in other jurisdictions outside Korea, including in the United States. Continental objects to the Recognition Motion and joins in the Common Benefit Claimants' request for a limited carve-out to the Final Recognition Order.

5. Consistent with Korean insolvency law, Continental also seeks to modify or lift the automatic stay so that holders of common benefit claims can assert and enforce common benefit claims against Hanjin and its assets located in the United States and the rest of the world.

WHEREFORE, for the reasons set out above, Continental respectfully requests that the Bankruptcy Court modify the Proposed Final Order to provide for the ability of Continental and any other common benefit claim holder to assert its rights consistent with Korean law.

AFDOCS/14261454.2

Dated: November 15, 2016
      New York, New York

                Respectfully submitted,

**ARENT FOX LLP**

*/s/ George V. Utlik*
George P. Angelich
George V. Utlik
1675 Broadway
New York, NY 10019-5829
Telephone:  (212) 484-3900
Facsimile: (212) 484-3990
george.angelich@arentfox.com
george.utlik@arentfox.com

Attorneys for The Continental Insurance
Company and Continental Casualty Company