**KASEN & KASEN, P.C.**
Jenny R. Kasen, Esq.
Society Hill Office Park, Suite 3
1874 E. Marlton Pike
Cherry Hill, NJ  08003
Telephone: (856) 424-4144
Facsimile: (856) 424-7565
E-Mail: jkasen@kasenlaw.com
ID# JK1680

-and-

**MORRIS NICHOLS ARSHT & TUNNELL LLP**
Robert J. Dehney, Esq.
Eric D. Schwartz, Esq.
Matthew B. Harvey, Esq.
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
E-Mail(s): rdehney@mnat.com
eschwartz@mnat.com
mharvey@mnat.com

*Attorneys for Terminal Investment Limited, S.A.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re | Chapter 15 |
| HANJIN SHIPPING CO., LTD., | Case No. 16-27041 (JKS) |
| Debtor in a Foreign Proceeding. | **Hearing Date: November 22, 2016 at 2:00 p.m.**<br>**Objection Deadline: November 15, 2016 at 4:00 p.m.,**<br>**(extended by agreement to November 17, 2016)**<br><br>**Regarding Docket Nos.: 5, 102, 392, 402** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
TERMINAL INVESTMENT LIMITED, S.A., TO ENTRY OF FINAL ORDER
GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDINGS AND
CERTAIN RELATED RELIEF PURSUANT TO SECTION
362, 365(e), 1517, 1520, 1521 AND 105(a) OF THE BANKRUPTCY CODE**

Terminal Investment Limited, S.A. ("TIL"), by its undersigned counsel, hereby submits this limited objection and reservation of rights with respect to entry of the proposed *Final Order Granting Recognition of Foreign Main Proceedings and Certain Related Relief Pursuant to Section 362, 365(e), 1517, 1520, 1521 and 105(a) of the Bankruptcy Code* (Docket No. 392) (the "Proposed Recognition Order") granting on a final basis the *Foreign Representative's Motion for Entry of Provision and Final Order Granting Recognition of Foreign Main Proceedings and Certain Related Relief Pursuant to Section 362, 365(e), 1517, 1520, 1521 and 105(a) of the Bankruptcy Code* (Docket No. 5) (the "Motion"),[1] and respectfully states as follows:

1.     TIL has no objection to the recognition of the Korean Proceeding as a foreign main proceeding.   However, as explained below, TIL does object to some of the additional discretionary relief requested pursuant to section 1521 of the Bankruptcy Code.

## BACKGROUND

### A.     The TTI LLC Agreement

2.     TIL and Hanjin Shipping Co., Ltd. ("Hanjin" or the "Debtor"), are parties to that certain Second Amended and Restated Limited Liability Company Agreement of Total Terminals International, LLC, a Delaware Limited Liability Company, dated as of 14 December 2011 (the "TTI LLC Agreement") for Total Terminals International, LLC ("TTI"), which operates two marine terminals in the United States.[2]   TIL and Hanjin's interests, rights and

---

[1]     Capitalized terms not defined herein are used as defined in the Motion.

[2]     TIL reserves and does not waive any interests, rights, remedies, or the like with respect to TTI or the TTI LLC Agreement, including, without limitation, that pursuant to section 18-304 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-304, Hanjin ceased to be a member of TTI upon filing the Korean Proceeding.  *See, e.g., Milford Power Co., LLC v. PDC Milford Power, LLC*, 866 A.2d 738, 762 (Del. Ch. 2004) (under section 18-304 of the Delaware LLC Act, a member of an LLC who files for bankruptcy cease to be a member); *In re IT Group, Inc., Co.*, 302 B.R. 483 (D. Del. 2003).

obligations in and with respect to TTI are governed by the TTI LLC Agreement and the Delaware Limited Liability Company Act, 6 Del. C. § 18-101, *et seq.*.[3]

3.     In addition to defining the nature of the members' interest in TTI, the TTI LLC Agreement contains certain restrictions on members' ability to transfer or assign membership interests in TTI.  The TTI LLC Agreement also contains a "right of first refusal" (the "ROFR") clause under which neither Hanjin nor TIL may sell its interests in TTI without first offering such interests to the non-selling member.  Additionally, the TTI LLC Agreement provides that, in the event of the bankruptcy of a member, TTI will dissolve unless the other, non-bankrupt member votes to continue the business within 90 days of receiving notice of the bankruptcy.  F

4.     Although TIL has not received formal notification from the Korean Court, press reports indicate that Hanjin is in exclusive negotiations with Korea Line Corporation ("KLC") for the potential sale of Hanjin's assets to KLC.  Reports from Korea also indicate that any sale of Hanjin's interest in TTI will be conducted in accordance with the TTI LLC Agreement and the ROFR clause.

**B.     The Proposed Recognition Order**

5.     On October 21, 2016, the Foreign Representative filed the Proposed Recognition Order.

6.     The Proposed Recognition Order, as filed, contains a number of provisions that are objectionable and impermissible under the Bankruptcy Code and U.S. public policy, including provisions that would recognize not merely the Korean *Proceeding*, but also the Korean Commencement Order, the Korean Stay Order, and "all other orders entered in the

---

[3]     Descriptions of the terms of the TTI LLC Agreement herein are qualified in their entirety by the terms of the TTI LLC Agreement, which terms control in the event of any inconsistency.

Korean Proceedings," defined as the "Korean Orders."  Proposed Recognition Order ¶ 3.  The Proposed Recognition Order, as filed, also contains provisions that appear to pre-approve and ratify "the Korean Orders and any transactions consummated or to be consummated thereunder, [which] shall be granted comity and given full force and effect in the U.S. to the same extent that they are given effect in Korea, and [shall be] binding on all creditors of Hanjin and any of their successors or assigns." *Id.* ¶ 6.

7.    Counsel to TIL has been provided a revised Proposed Recognition Order by counsel to the Foreign Representative that removes the reference to "all other orders entered in the Korean Proceedings" and removes the provision stating that "the Korean Orders and any transactions consummated or to be consummated thereunder, [which] shall be granted comity and given full force and effect in the U.S. to the same extent that they are given effect in Korea, and [shall be] binding on all creditors of Hanjin and any of their successors or assigns."  If these provisions are removed, then TIL's objection to such provisions is resolved.  TIL reserves and preserves all rights to object to any form of order that includes such provisions or similar provisions.

8.    In addition to the foregoing provisions, the Proposed Recognition Order, as revised, still contains the following objectionable provisions:

(a)    A provision recognizing and giving full force and effect to the Korean Stay Order;

(b)    Provisions purporting to enjoin actions beyond the scope of section 362 of the Bankruptcy Code;

(c)    A provision stating that, notwithstanding anything to the contrary in the final recognition "the Provisional Order shall remain in full force and effect"; and

(d)    A provision suggesting that section 365, other than section 365(e), has been given

effect in the chapter 15 case.[4]

These provisions should be removed from the order for the reasons discussed below.

## OBJECTION

9.      A U.S. bankruptcy court may grant recognition of a foreign main

proceeding under chapter 15 of the Bankruptcy Code.   11 U.S.C. § 1501, *et seq.*   If the

bankruptcy court grants recognition of the foreign main proceeding, then the foreign

representative automatically receives the limited relief provided in section 1520 of the

Bankruptcy Code.  *See id.* § 1520; *see also Jaffé v. Samsung Elecs. Co., Ltd.*, 737 F.3d 14, 24

(4th Cir. 2013).

10.      In addition to the relief granted automatically under section 1520, section

1521 of the Bankruptcy Code authorizes the bankruptcy court to grant certain discretionary

relief.  *Id.* § 1521; *Jaffé*, 737 F.3d at 24.  Courts have recognized, however, that the bankruptcy

court "may only grant discretionary relief under § 1521 if it determines that 'the interests of the

creditors and other interested entities, including the debtor, are sufficiently protected.'" *Jaffé*,

737 F.3d at 24 (quoting 11 U.S.C. § 1522(a)).

11.      The provisions summarized above are objectionable because they

impermissibly expand the scope of recognition beyond what is contemplated by the Bankruptcy

Code, exceed the scope of the relief sought by the Foreign Representative, and/or are otherwise

unnecessary, unsupported by the record, or unjustified under the circumstances.

12.      <u>Provision Recognizing the Korean Stay Order</u>.  The provision recognizing

and giving full force and effect to the Korean Stay Order should not be granted.   First, the

---

[4]      TIL has not quoted or cited the exact language of these provisions because the revised Proposed
Recognition Order is not yet of record in this case and the language and location of the language may be
subject to change before the revised Proposed Recognition Order is filed.

Foreign Representative's Motion does not request recognition or enforcement of the Korean Stay Order. Therefore, recognition or enforcement of the Korean Stay Order is not appropriate because the Foreign Representative has not properly sought such relief.

13.     Recognizing the Korean Stay Order is also unnecessary because it is no longer in effect. The Korean Stay Order was entered on August 31, 2016, and, by its terms, applied "[u]ntil the decision on the application for commencement of rehabilitation procedure is made regarding the [Korean Proceeding]." *See* Korean Stay Order found at D.I. 4, Ex. B (English translation). The Korean Commencement Order was entered the following day, September 1, 2016. *See* Korean Commencement Order, found at D.I. 4, Ex. C. Therefore, the Korean Stay Order is no longer in effect. Accordingly, the Court need not and should not recognize the Korean Stay Order.

14.     Additionally, recognizing the Korean Stay Order is also unnecessary because, upon recognition, the automatic stay of section 362 comes into effect through section 1520 of the Bankruptcy Code. *See* 11 U.S.C. § 1520(a)(1) ("Upon recognition of a foreign proceeding that is a foreign main proceeding . . . sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States."). Therefore, because stay under section 362 applies, there is simply no need to recognize the Korean Stay Order.

15.     Moreover, to the extent that the Korean Stay Order was still in effect (which it is not) and provided relief beyond the scope of section 362, then the Court could only recognize and give such order effect under the discretionary provisions of section 1521(a)(1), (2), (3) or (6) which provide for additional injunctive relief beyond the scope of sections 1520(a) and 362. *See* 11 U.S.C. §§ 1521(a)(1), (2), (3), & (6). Pursuant to section 1521(e), however, the

Court can only grant such relief if the "standards, procedures, and limitations applicable to an injunction" are met. *See id.* § 1521(e). The Foreign Representative has not complied with the standards, procedures and limitations applicable to injunctive relief. In fact, the Foreign Representative has not even properly sought recognition and enforcement of the Korean Stay Order, let alone met the heavy burden of justifying injunctive relief required by section 1521(e).[5] Accordingly, the Court should not extend any injunctive relief beyond the provisions of section 1520(a) and section 362 of the Bankruptcy Code, and should decline to recognize or enforce the Korean Stay Order.

16.    Finally, the Foreign Representative has not demonstrated, as required by section 1522(a), that discretionary relief under section 1521(a)(1), (2), (3), or (6) is appropriate under the circumstances and that the interests of creditors and other interested entities are "sufficiently protected." *See* 11 U.S.C. § 1522(a); *Jaffé*, 737 F.3d at 24.

17.    <u>Other Injunctive Provisions</u>. For the same reasons, the Court should not approve any other provisions of the Proposed Recognition Order that would enjoin any action beyond the scope of section 362 of the Bankruptcy Code. Initially, as with the Korean Stay Order, the Foreign Representative's Motion does not request injunctive relief beyond the application of section 362 of the Bankruptcy Code. Therefore, the Court should deny any additional relief because such relief is not properly before the Court.

---

[5]    The Third Circuit recently recounted the test for injunctive relief as follows:

The test for such relief is familiar. "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir.2004). The "failure to establish any element [of that test] renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit–Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir.1999).

*Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 318–19 (3d Cir. 2015)

18.    Moreover, as described above, the Foreign Representative has again not met the "standards, procedures, and limitations applicable to an injunction."  *See* 11 U.S.C. § 1521(e); *cf. Arrowpoint Capital*, 793 F.3d 318–19.  Additionally, the Foreign Representative has not met its burden under section 1522(a) to show that the interests of creditors and other interest entities are "sufficiently protected."  *See* 11 U.S.C. § 1522(a); *Jaffé*, 737 F.3d at 24.

19.    For these reasons, the Court should deny injunctive relief beyond the scope of section 362, and the Proposed Recognition Order should only be entered if (a) the language purporting to enjoin actions is deleted or (b) the following provision is added to the order:

> For the avoidance of doubt and without prejudice to the Foreign Representative or any other party in interest to seek such relief in the future, the foregoing relief is limited to the relief provided in section 362 of the Bankruptcy Code, and nothing in this Order constitutes an affirmative grant of injunctive relief pursuant to section 1521 of the Bankruptcy Code or an expansion of the scope of section 362 of the Bankruptcy Code.

20.    <u>The Provision Continuing in Effect the Provisional Order</u>.  The Court should also deny approval of the provision stating that, notwithstanding anything to the contrary in the final recognition order, "the Provisional Order shall remain in full force and effect."  The Provisional Order is a limited-purpose bridge order entered a week into the chapter 15 case on little or no notice to creditors and other parties in interest.  Creditors and parties in interest have now had an opportunity to review the relief requested and weigh in on the provisions of the final recognition order.  When that order is entered it will reflect agreed resolutions and the Court's resolution of disputed issues.  It would be wholly improper to then, in effect, abrogate the final recognition order with a provision that makes all of the terms of the Provisional Order effective

notwithstanding contrary language in the final recognition order.  Accordingly, the Court should deny approval of any such provision.

21.    If the Foreign Representative believes that particular relief in the Provisional Order is necessary, then the specific relief requested should be presented with notice and the opportunity for a hearing.

22.    <u>Provisions Regarding Section 365</u>.  The Court should also deny approval of any provision of the Proposed Recognition Order that purports to incorporate or make applicable section 365 of the Bankruptcy Code, other than section 365(e).  Initially, the Proposed Recognition Order as filed on October 21, 2016, does not contain any language suggesting that provisions of section 365, other than section 365(e), may apply.  In a revised draft provided to TIL's counsel, however, language has been added suggesting that section 365 may apply.  Such language should not be approved.

23.    Chapter 15 proceedings are specialized ancillary, not plenary, proceedings.  *See* 11 U.S.C. § 1501, *et seq.*; *see also In re Suntech Power Holdings Co., Ltd.*, 520 B.R. 399, 421 (Bankr. S.D.N.Y. 2014) ("[A] chapter 15 case unfolds far differently than a plenary chapter 11 case.").  Because chapter 15 proceedings are ancillary in nature, the plenary provisions of chapters 3 and 5 of the Bankruptcy Code do not apply unless specifically incorporated, such as is the case with section 362 which is incorporated upon recognition by section 1520.  *See* 11 U.S.C. § 103(a).  Accordingly, section 365 cannot be applied in this chapter 15 case unless the Foreign Representative complies with the provisions of sections 1521 and 1522(a), including the obligation to show that the interests of the creditors and other interested entities are "sufficiently protected."

24.     As described by the Fourth Circuit in *Jaffé*, such determination requires a balancing test to determine the relative harms and benefits.  *See* 737 F.3d at 27–28 ("The analysis required by § 1522(a) is therefore logically best done by balancing the respective interests based on the relative harms and benefits in light of the circumstances presented, thus inherently calling for application of a balancing test.").  The Foreign Representative has made no showing that it will obtain any benefit from any provision of section 365, other than section 365(e), nor has the Foreign Representative made any showing that the interests of creditors and other interest entities would be "sufficiently protected" if section 365 were incorporated more broadly.  Accordingly, the Court should deny approval of any provision that purports to incorporate the provisions of section 365 apart from section 365(e).[6]

## RESERVATION OF RIGHTS

25.     As of the date of this limited objection and reservation of rights, TIL has not been presented with the final draft of the Proposed Recognition Order.  Accordingly, TIL reserves and preserves all rights with respect to the language of the Proposed Recognition Order, including, without limitation, the right to: (i) raise arguments at or prior to the hearing thereon; (ii) seek an adjournment of the hearing thereon; (iii) object to, or seek clarification of, the Proposed Recognition Order, or any portion thereof, and (iv) to take any other measures available under applicable law.

26.     TIL also reserves and preserves its procedural, substantive and other rights in and related to, without limitation: (i) the Korean Proceeding; (ii) this chapter 15 case; (iii) relief from any recognition order or other order entered by the Court; and (iv) the TTI LLC

---

[6]     TIL reserves and preserves the right to seek application of section 365, or subsections thereof, in appropriate circumstances, including, without limitation, to sufficiently protect its interests in accordance with section 1522(a).  *Cf. Jaffé*, 737 F.3d 14 (applying section 365(n) to sufficiently protect interests of patent licensees in chapter 15 case).

Agreement and any and all other agreements.   Nothing in this this limited objection and reservation of rights shall be construed as a waiver of any of TIL's rights.

27.     This limited objection and reservation of rights is not intended nor shall be deemed to waive the rights of TIL: (1) to have an Article III judge adjudicate in the first instance any case, proceeding, matter, or controversy as to which a bankruptcy judge may not enter a final order or judgment consistent with Article III of the United States Constitution; (2) to have final orders in a non-core case, proceeding, matter, or controversy entered only after an opportunity to object to proposed findings of fact and conclusions of law and a de novo review by a district court judge; (3) to trial by jury in any case, proceeding, matter, or controversy so triable; (4) to have the reference withdrawn by the United States District Court in any case, proceeding, matter, or controversy subject to mandatory or discretionary withdrawal; or (5) any other rights, claims, actions, defenses, setoffs, or recoupments to which TIL is or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs, and recoupments expressly are hereby reserved.   For the avoidance of doubt, filing this limited objection and reservation of rights is not intended as, and shall not be, TIL's consent to the entry of final orders and judgments in any case, proceeding, matter, or controversy if it is determined that the Court, absent consent of TIL, cannot enter final orders or judgments in any such case, proceeding, matter, or controversy, as applicable, consistent with Article III of the United States Constitution.

## CONCLUSION

28.     For the reasons set forth herein, TIL respectfully requests, that the Court deny the Motion in part and to the extent set forth herein and condition the entry of the Proposed Recognition Order on language consistent with this objection.

Dated: November 17, 2016

KASEN & KASEN, P.C.

By: */s/ Jenny R. Kasen*
Jenny R. Kasen, Esq.
KASEN & KASEN, P.C.
Society Hill Office Park, Suite 3
1874 E. Marlton Pike
Cherry Hill, NJ  08003
Telephone: (856) 424-4144
Facsimile: (856) 424-7565
E-Mail: jkasen@kasenlaw.com
ID# JK1680

And

MORRIS NICHOLS ARSHT & TUNNELL LLP
Robert J. Dehney, Esq.
Eric D. Schwartz, Esq.
Matthew B. Harvey, Esq.
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
E-Mail(s): rdehney@mnat.com
eschwartz@mnat.com
mharvey@mnat.com

*Attorneys for Terminal Investment Limited, S.A.*