---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**MCDERMOTT WILL & EMERY LLP**
Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Riley T. Orloff
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email:   twwalsh@mwe.com
         dazman@mwe.com
         rorloff@mwe.com

*Counsel to Textainer Equipment Management (U.S.) Limited, Seaco Global Ltd., and Container Leasing International, LLC d/b/a SeaCube Containers LLC*

---

In Re:

HANJIN SHIPPING CO., LTD.,[1]

    Debtor in a Foreign Proceeding.

Case No.: 16-27041 (JKS)

Chapter: 15

Hon. John K. Sherwood

---

**MOTION OF CONTAINER PARTIES TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES AND FOR ATTORNEY'S FEES AND COSTS**

Textainer Equipment Management (U.S.) Limited ("Textainer"), Seaco Global, Ltd. ("Seaco"), and Container Leasing International, LLC d/b/a SeaCube Containers LLC ("SeaCube" and, together with Textainer and Seaco, the "Container Parties"), by and through their undersigned counsel, respectfully move this Court for an order compelling (i) Tai-Soo Suk (the "Foreign Representative"), the foreign representative of Hanjin Shipping Co. Ltd. ("Hanjin"

---

[1] The last four digits of Hanjin Shipping Co., Ltd.'s Business Registration Number are 1835. The Debtor's main corporate and mailing address is Hanjin Shipping Bldg., 25 Gukjegeumyung-Ro 2-Gil, Yeongdeungpo-Gu, Seoul 07327, Korea.

or the "Debtor"), (ii) Jefferies, LLC ("Jefferies"), and (iii) Terminals Investment Limited, S.À R.L. ("TIL" and, together with the Foreign Representative and Jefferies, the "Discovery Parties") to produce all documents responsive to the Container Parties' document requests, to certify under penalty of perjury that their document productions are complete, to serve their responses to the Container Parties' interrogatories (only with respect to the Foreign Representative, and not TIL or Jefferies), and to reimburse the Container Parties for attorney's fees and costs incurred in making this motion, and respectfully state as follows:

1. On December 22, 2016, the Foreign Representative filed the *Motion of Foreign Representative, Pursuant to Sections 105(a), 363, 365, 1501, 1514, 1520 and 1521 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006 and 9014, for Entry of an Order (I) Recognizing and Enforcing the Korean Sale Order, (II) Approving the Sale of the Debtor's Interests in TTI and HTEC, (III) Entrusting Distribution of the Sale Proceeds to the Foreign Representative and (IV) Granting Related Relief* [Docket No. 492] (the "Sale Motion") requesting, *inter alia*, that the Court approve the sale of Hanjin's equity interests in Total Terminals International, LLC ("TTI") and Hanjin Shipping TEC, Inc. ("HTEC"), as well as approximately $200 million in loans made by Hanjin to TTI and HTEC. Sale Motion, ¶ 14.

2. On December 28, 2016, the Container Parties filed the *Motion of Container Parties for Entry of Order (I) Directing Foreign Representative to Comply with Disclosure Order and (II) Adjourning the Sale Motion Objection Deadline and Hearing Date or, in the Alternative, Appointing an Examiner* [Docket No. 510] (the "Disclosure Motion"). The Disclosure Motion requested, *inter alia*, that the Court permit the Container Parties to take expedited discovery related to the Sale Motion. Disclosure Motion, ¶ 16.

3. On December 29, 2016, the Court held a telephonic hearing on the Disclosure

Motion, at which time the Court orally authorized the Container Parties to take discovery on an expedited basis concerning issues related to the Sale Motion.

4. Approximately 12 hours after the December 29, 2016 hearing concluded, the Container Parties served document requests and interrogatories on the Foreign Representative and Jefferies. Orloff Declaration, ¶ 3. On January 2, 2017, the Container Parties served document requests and interrogatories on TIL. Orloff Declaration, ¶ 5. Copies of the discovery requests served upon the Discovery Parties are attached hereto as Exhibits A, B, and C. Copies of the responses sent by counsel to Jefferies and counsel to the Foreign Representative are attached hereto as Exhibits D and E.

5. On January 4, 2017, in an effort to expedite discovery of priority information (which was determined after reviewing the Discovery Parties' scant initial document production), the Container Parties provided the Discovery Parties with a list of priority document and information requests. Orloff Declaration, ¶ 13, Ex. F.

6. At the hearings on December 29, 2016 and January 5, 2017, this Court recognized the Container Owners' need and entitlement to expedited discovery to ensure due process. Notwithstanding this explicit recognition by the Court, the Discovery Parties have failed to produce the requested information and documents.

7. As of 11:00 a.m. on January 6, 2017, the Discovery Parties had produced, in the aggregate, approximately 50 documents. As if the Discovery Parties' general lack of production wasn't enough, immediately after the hearing on January 5, 2017 counsel to the Foreign Representative informed counsel to the Container Parties that the Foreign Representative is refusing to produce *any* email correspondence, regardless of whether a privilege is applicable, on the basis that it would be too much of a hassle. The Container Parties' counsel also understood

this to mean that neither Jefferies (which advises Hanjin) nor TIL (the purchaser) would be producing any email correspondence.

8. This blanket refusal was of course contrary to representations made to the Court at the hearing on January 5 that the Foreign Representative would use good faith efforts to comply with the Container Parties' discovery requests.

9. During the early hours on January 6, 2017, counsel to the Container Parties attempted to resolve the instant discovery disputes by email with counsel to the Discovery Parties. Orloff Declaration, ¶¶ 14-16, Exs. G, H, & I. Specifically, the Container Parties asked counsel to the Foreign Representative to reconsider the refusal to produce emails or respond with integrity. Counsel to the Container Parties asked counsel to Jefferies and counsel to TIL whether those parties intend to produce any additional documents, and also asked each to confirm whether they are refusing to produce any email correspondence and respond to interrogatories.

10. As has been the theme throughout this chapter 15 case and, more specifically, this expedited discovery process (which has been anything *but* expedited), the emails of Container Parties' counsel were met with vague and unhelpful responses. *See* Orloff Declaration, Exs. H, I. Of course, all of these efforts by the Container Parties' to compel the discovery that this Court authorized have come at the expense of investigating the Sale Motion and drafting an objection that was due today, January 6, at noon.

11. Less than one hour before the objection deadline for the Sale Motion, counsel to the Foreign Representative reversed course (only after great effort by the Container Parties) and produced an additional 22 documents. Although the Container Parties have not yet reviewed these documents, it appears that the production contains a single (*i.e.,* one) email communication. Counsel to the Foreign Representative also indicated by email that "additional correspondence"

- 4 -

would be produced today.

12. It appears that, at long last, the Foreign Representative has shown some level of interest in complying with his legal obligations. Notwithstanding the additional production today, the Container Parties are compelled to file this motion for two reasons.

13. First, the Discovery Parties have still not demonstrated a commitment to ensuring that the Container Parties are adequately informed about the sale process. Fleeting and sporadic productions (which are minimal when compared to what the Container Parties believe is the universe of relevant and significant documents) is not a substitute for counsels' obligation to cooperate in good faith. At every stage of this case, the Foreign Representative has misled this Court and the Container Parties on a number of issues that do not bear repeating here. And this expedited discovery process has been no different. Certainly, the Foreign Representative's flat refusal to provide any email correspondence (immediately after a hearing during which the Court again directed the Foreign Representative to comply in good faith with the Container Owners' discovery requests) does not give the Container Parties' any confidence that there has been a monumental shift in the Foreign Representative's attitude toward this chapter 15 case and the interested parties. Similarly, the Container Parties still have no confidence that they will have a full and fair opportunity to examine, *inter alia*, the sale process conducted by Jefferies or determine whether the Purchase Price represents a fair price for the assets subject to the Sale Motion, as required under Bankruptcy Code section 363.

14. Thus, to the extent the Discovery Parties' production remains deficient, this Court can and should compel the Discovery Parties to produce all of their responsive documents and compel the Foreign Representative to respond to the Container Parties' interrogatories.[2]

---

[2] Rule 37(a)(3)(B)(iii) and (iv) provide that "[a] party seeking discovery may move for an order compelling an answer designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33"

15. Second, the Container Parties have incurred significant legal fees and expenses as a direct result of the Discovery Parties' actions (and inactions). Thus, regardless of whether the Container Parties ultimately receive satisfactory responses to their discovery requests, the Container Parties are entitled to reimbursement from the Discovery Parties for attorneys' fees and costs incurred in making the instant motion and any related disputes because the Discovery Parties' consistent non-disclosure was *not* "substantially justified," especially in light of the Court's repeated directives that the Discovery Parties should comply with discovery requests, notwithstanding alleged procedural defects. *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 110 (D.N.J.2006) (citing Fed. R. Civ.P. 37(b)(2)); *Kinney v. Tr. of Princeton Univ.*, 2007 WL 700874, at *5 (D.N.J.2007) (citing *Fitz, Inc. v. Ralph Wilson Plastics, Co.*, 174 F.R.D. 587, 591 (D.N.J.1997)). The Discovery Parties' initial blanket refusal to produce any emails (regardless of whether a privilege applies), which initially prompted the drafting of this motion, are clearly not "substantially justified."[3]

16. Although the Container Parties will continue to engage in meet and confers with the Discovery Parties in an attempt to obtain the necessary discovery, time is of the essence as this Court knows. Given the timing, the Container Parties have requested that this Court schedule an emergency hearing on January 9 to resolve any outstanding discovery issues. And because the deposition of Richard Morgner is scheduled for 10:00am on January 9, the Container Parties request that the emergency hearing be scheduled for any time after 2:00pm. The Container Parties further request that the Court permit all necessary parties to appear

---

or if "a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."

[3] The Container Parties reserve the right to supplement this motion, including, without limitation their request for reimbursement of fees and expenses. The request for reimbursement is not time sensitive, and the Container Parties must focus first and foremost on obtaining the documents they need, preparing for depositions, and preparing for the hearing on the Sale Motion.

telephonically.

17. If for some reason the discovery issues are resolved prior to the emergency hearing, counsel will so inform the Court and request that the hearing be canceled. However, it is imperative that the Container Parties be able to bring important discovery issues to this Court's attention as soon as possible in advance of the hearing on the Sale Motion.

18. The Container Parties will not sit on their rights in connection with the Sale Motion—rights that are being diminished every day as the January 12 hearing approaches. If necessary, this Court should compel the Discovery Parties to comply with their legal obligation to provide the information and documents requested by the Container Parties and award attorneys' costs and fees.

## CERTIFICATION OF COUNSEL

19. As set forth above and in the accompanying Declaration of Riley Orloff, counsel for the Container Parties certifies that they have conferred with counsel for the Discovery Parties in good faith via email in an effort to resolve this dispute, which efforts were unsuccessful.

## NOTICE

20. The Container Parties will file an *Application for Order Shortening Time* (the "Application"), contemporaneously herewith. Notice of this Motion will be provided to the following parties: (i) the Office of the United States Trustee; (ii) counsel to the Foreign Representative of the Debtor; and (iii) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with the Court's order on the Application.

## NO PRIOR RELIEF

21. No prior motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Container Parties respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit 1, compelling the Discovery Parties to produce all documents responsive to the Container Parties' document requests, to certify under penalty of perjury that their document productions are complete, to serve their responses to the Container Parties' interrogatories (only with respect to the Foreign Representative, and not TIL or Jefferies), and to reimburse the Container Parties for attorney's fees and costs incurred in making this motion, and any other relief this Court deems to be just and proper.

Dated:  January 6, 2017
        New York, New York

**McDermott Will & Emery LLP**

 /s/ Riley T. Orloff
Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Riley T. Orloff
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel to Textainer Equipment Management (U.S.) Limited, Seaco Global Ltd., and Container Leasing International, LLC d/b/a SeaCube Containers LLC*