| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| (Caption in Compliance with D.N.J. LBR 9004-1(b) |
| **MONTGOMERY MCCRACKEN WALKER & RHOADS, LLP** |
| (A Limited Liability Partnership Formed in Pennsylvania) |
| Liberty View, Suite 600 |
| 457 Haddonfield Road |
| Cherry Hill, NJ 08002 |
| Davis Lee Wright (NJ # 016762003) |
| dwright@mmwr.com |
| Tel:  (856) 488-7700 |
| Fax:  (215) 731-3715 |
| *Special Counsel for Jin Han Kim, the Liquidating Trustee of Hanjin Shipping and the Foreign Representative of Hanjin Shipping Co. Ltd.* |

| | |
|---|---|
| In re: | **REQUESTED HEARING DATE AND TIME:** **September 12, 2018 at 10:00 a.m.** |
| HANJIN SHIPPING CO., LTD.,[1] | Chapter 15 |
| Debtor in a Foreign Proceeding. | Case No. 16-27041 (JKS) |
| | **ORAL ARGUMENT REQUESTED** |

**MOTION OF FOREIGN REPRESENTATIVE, PURSUANT TO SECTIONS 365, 1501, 1514, 1520, AND 1521 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 2002, 6004, 6006, AND 9014, FOR ENTRY OF AN ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OR REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY ASSOCIATED <u>WITH THE PARAMUS, NEW JERSEY PROPERTY</u>**

TO THE HONORABLE JOHN K. SHERWOOD:

---

[1] The last four digits of Hanjin Shipping Co., Ltd.'s Business Registration Number are 1835.  The Debtor's main corporate and mailing address is Hanjin Shipping Bldg., 25 Gukjegeumyung-Ro 2-Gil, Yeongdeungpo-Gu, Seoul 07327, Korea.

Jin Han Kim, the Liquidating Trustee of Hanjin Shipping and the Foreign Representative of Hanjin Shipping Co. Ltd., the duly appointed foreign representative (the "Foreign Representative") of Hanjin Shipping Co., Ltd. ("Hanjin" or the "Debtor") in connection with the pending proceeding (the "Korean Proceeding") filed by Hanjin under the Debtor Rehabilitation and Bankruptcy Act in the Bankruptcy Division of the Seoul Central District Court[2] (the "Korean Court") in Seoul, Republic of Korea, hereby moves (the "Motion") this Court for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 365, 1501, 1514, 1520, and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) assuming and subsequently assigning the unexpired leases listed on **Exhibit 1** to the Proposed Order (the "Leases") and the unexpired executory contracts listed on **Exhibit 2** to the Proposed Order (the "Contracts"), and (ii) rejecting the executory contract listed on **Exhibit 3** to the Proposed Order (the "Rejected Contract"), all attached thereto, in connection with the Sale[3] of the Paramus, New Jersey Real Property (the "Property") to Stanford, the Purchaser under the PSA contemplated in the separately filed Sale Motion.  In further support of this Motion, the Foreign Representative respectfully states as follows:

---

[2] Effective March 1, 2017, the Seoul Bankruptcy Court was established and replaced the Bankruptcy Division of the Seoul Central District Court.  For the purposes of this Motion, both the Seoul Bankruptcy Court and its predecessor, the Bankruptcy Division of the Seoul Central District Court, will be referred to as the "Korean Court".

[3] Any capitalized terms not defined in this Motion shall have the meaning ascribed to them in the *Motion of the Foreign Representative, Pursuant to Sections 105(a), 363, 365, 1501, 1514, 1520 and 1521 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006 and 9014, for Entry of an Order (I) Recognizing and Enforcing the Korean Sale Order, (II) Approving the Sale of the Debtor's Real Property in Paramus, New Jersey, (III) Entrusting Distribution of the Sale Proceeds to the Foreign Representative, and (IV) Granting Related Relief* [D.I. 765] (the "Sale Motion").

4741294v3

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N) and (P).  Venue for

this proceeding is proper in this Court and in this District pursuant to 28 U.S.C. § 1410.  The

statutory predicates for the relief requested herein are sections 365, 1501, 1514, 1520 and 1521

of the Bankruptcy Code.

## BACKGROUND

2.      Hanjin filed an application for commencement of the Korean Proceeding under

the DRBA on August 31, 2016.  On the same day, the Korean Court entered a provisional order

granting a general injunction and preservation of the disposition of the Debtor's assets.  On

September 1, 2016 the Korean Court entered an order commencing the Korean Proceeding and

appointed Tai-Soo Suk as the initial foreign representative and to act as the Debtor's custodian in

the Korean Proceeding.

3.      On September 2, 2016, the Debtor commenced this chapter 15 case by filing the

(i) *Chapter 15 Petition for Recognition of Foreign Proceeding* [Dkt. No. 1] and (ii) *Motion of*

*Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of*

*Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519,*

*1520, 1521, and 105(a) of the Bankruptcy Code* [Dkt. No. 5].  On December 14, 2016, this Court

entered its *Final Order Granting Recognition of Foreign Main Proceeding and Certain Related*

*Relief Pursuant to Sections 362, 365(e), 1517, 1520, 1521, and 105(a) of the Bankruptcy Code*

(the "Recognition Order") [Dkt. No. 486].  The Recognition Order, among other things,

recognized the Korean Proceeding as a foreign main proceeding pursuant to section 1517 of the

Bankruptcy Code and entrusted the administration and realization of the Debtor's assets located

4741294v3

within the territorial jurisdiction of the United States to the Foreign Representative.  Recognition

Order at ¶¶ 2, 8.

4.      On February 17, 2017, the Korean Court declared Hanjin bankrupt and appointed

Jin-Han Kim as the bankruptcy trustee to oversee the administration and liquidation of the

Hanjin estate.  Mr. Kim succeeded Mr. Suk as the Foreign Representative.

**A.      The Leases in Connection with the Sale Process in the Korean Proceeding**

5.      Pursuant to the authority provided by the Korean Court in its Liquidation Order,

the Foreign Representative has been engaged in liquidating Hanjin's globally located assets,

including the Purchased Assets.  In connection with a sale of the Purchased Assets, the Foreign

Representative obtained approval from the Korean Court to retain Montgomery McCracken

Walker & Rhoads LLP ("Montgomery McCracken") to assist with any proposed sale, including

filing the necessary pleadings seeking approval for the Sale.

6.      Beginning on June 7, 2017, the Foreign Representative directed Montgomery

McCracken to issue invitations to approximately nineteen (19) different individuals and entities

requesting bids for the Purchased Assets.  The invitations were directed to a variety of entities,

including, but not limited to, reputable brokerage companies, buyer's agents, corporations,

individuals, and other entities that had previously contacted Montgomery McCracken, the

Foreign Representative, and former employees of, or other professionals previously retained by,

Hanjin.  The invitations to bid included relevant financial information regarding the Purchased

Assets and identified the bid requirements.

7.      In response to the invitations to bid, the Foreign Representative received eight (8)

bids by the deadline ranging from $9.2 million to $25.5 million.  Stanford provided the high bid

of $25.5 million and, upon acceptance by the Foreign Representative, provided a $1,000,000.00

good faith deposit.  Thereafter, the Korean Court granted the Foreign Representative the

-4-

authority to select Stanford's bid and to continue negotiating a definitive agreement with Stanford for the Purchased Assets. After agreeing on a final form of the PSA, which included the assignment of the Leases and Contracts, the Foreign Representative submitted Stanford's signed PSA to the Korean Bankruptcy Court for approval. On June 28, 2018, the Korean Court entered the Korean Sale Order. The Korean Sale Order authorizing the sale of the Purchased Assets is conditioned on the Sale Proceeds being deposited in escrow and then, with this Court's cooperation, transmitted to the Korean Proceeding.

8.      The Foreign Representative sought and received Korean Court approval, and the Sale Motion is now currently pending before this Court for Bankruptcy Court approval of the Sale because the Sale represents the best opportunity for the Debtor to maximize the value of the Purchased Assets. In furtherance of the Sale, and pursuant to the terms of the PSA, the Debtor must assume certain Leases and Contracts and subsequently assign those Leases and Contracts to Stanford. The Debtor is also seeking authority to reject the Rejected Contract. Accordingly, it is imperative to the Sale closing that the Leases and Contracts be assumed and assigned or rejected so that the Korean Sale Order may be recognized and enforced in the United States in all aspects, as the Foreign Representative requests herein.

**B.      Hanjin's Interests in the Leases and Contracts**

9.      As of the date hereof, the Hanjin is a party to Leases and Contracts in connection with the Property. Hanjin has strategically reviewed the Leases and Contracts in connection with their efforts to sell the Property and thereby maximize the value of its estate in this case. As a result, Hanjin has identified certain Leases and Contracts that it will assume and then subsequently assign to Stanford; one contract will be rejected.

4741294v3

## RELIEF REQUESTED

10.     By this Motion, the Foreign Representative seeks the entry of an order,

substantially in the form of the Proposed Order, pursuant to sections 365, 1501, 1514, 1520, and

1521 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and 9014 assuming and

subsequently assigning certain Leases and Contracts to Stanford, and rejecting the Rejected

Contract.

## BASES FOR RELIEF REQUESTED

**A.     Assumption or Rejection of Unexpired Leases and Executory Contracts is a Sound Exercise of Hanjin's Business Judgment**

11.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the

court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

11 U.S.C. § 365(a).

12.     The decision to assume or reject an unexpired lease or executory contract is

governed by the business judgment rule.  *See In re Group of Institutional Investors, Inc. v.*

*Chicago. Milwaukee. St. Paul and Pac. R.R. Co.*, 318 U.S. 523, 550 (1943) ("the question [of

assumption] is one of business judgment"); *In re Sharon Steel Corp.*, 872 F.2d 36, 40 (3d Cir.

1989) (same); *In re G-I Holdings, Inc.*, 580 B.R. 388, 420 (Bankr. D.N.J. 2018) ("If the debtor

satisfies the requirements of Section 362(b)(1) and the debtor's decision to assume such

executory contract or unexpired lease is supported by valid business justifications, the executory

contract or unexpired lease may be assumed"); *In re Armstrong World Indus., Inc.*, 348 B.R. 136,

162 (Bankr. D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the

debtor to determine whether the rejection of an executory contract or lease is appropriate under

section 365(a)").

4741294v3

13.    Upon finding that the debtor has exercised its sound business judgment in determining that the assumption or rejection of an executory contract or unexpired lease is in the best interests of the debtor, its creditors, and all parties in interest, the court should approve such assumption or rejection under section 365(a) of the Bankruptcy Code. *See In re Federal Mogul Global. Inc.*, 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or gross abuse of discretion."); *In re Armstrong World Industries*, 348 B.R. 136, 162 (Bankr. D. Del. 2006) (same); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (same).

14.    In connection with the Sale of the Property, Hanjin conducted an analysis and review of its unexpired leases and executory contracts. The analysis sought to: (a) identify whether said unexpired leases and executory contracts would aid or further Hanjin's liquidating initiatives; and (b) ensure that said unexpired leases and executory contracts were priced competitively.

15.    Hanjin has determined, in the exercise of its business judgment, that it is in its best interests to assume the Leases and Contracts so that they may be then assigned to Stanford in connection with the Sale, and reject the Rejected Contact. The assumption of the Leases and Contracts to Stanford and rejection of the Rejected Contract allows the Sale to go forward, the existing tenants to continue to lease the space in the building at fair and competitive prices to what the tenant paid to the Debtor under their Leases, and for the vendors under the Contracts to continue in their services relating to the Property at fair and competitive prices to what they were paid by the Debtor under their Contracts. It also saves the Debtor from having to break any

4741294v3

leases and evict the tenants or breach the Contracts with vendors, and any associated costs therewith.

16.     For all the foregoing reasons, and in the sound exercise of its business judgment, Hanjin believes that the assumption of the Leases and Contracts and the rejection of the Rejected Contract is both warranted and appropriate and, thus, should be approved pursuant to section 365 of the Bankruptcy Code.

**B.     Hanjin Has Satisfied Any Applicable Requirements of Section 365(b) of the Bankruptcy Code**

17.     Pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code, if there has been a default in an unexpired lease or contract, the debtor may not assume such lease or contract unless, at the time of assumption of such lease or contract, the debtor (i) cures or provides adequate assurance that it will promptly cure the default and (ii) compensates or provides adequate assurance of prompt future compensation for actual pecuniary losses resulting from such default. *See* 11 U.S.C. § 365(b)(1)(A)-(B); *L.R.S.C. Co. v. Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000).

18.     Hanjin not aware of any defaults owed by Hanjin to counterparties (each, a "Counterparty" and collectively, the "Counterparties") under the Leases or Contracts that would need to be cured or compensated in accordance with sections 365(b)(1)(A) and (B) of the Bankruptcy Code.  Accordingly, Exhibit 1 to the Proposed Order lists the Cure Amount Hanjin proposes to pay each Counterparty to the Leases identified on Exhibit 1 as $0.00, and Exhibit 2 to the Proposed Order lists the Cure Amount Hanjin proposes to pay each Counterparty to the Contracts identified on Exhibit 2 as $0.00.

19.     In addition to the requirements under sections 365(b)(1)(A) and (B), if there has been a default in an unexpired lease or executory contract, a debtor must, at the time of

-8-

assumption, provide adequate assurance of future performance under such lease or contract. *See* 11 U.S.C. § 365(b)(1)(C); *Rickel Home Ctrs.*, 209 F.3d at 298. As previously stated, Hanjin is not aware of any defaults owed by it to the Counterparties under the Leases or Contracts; therefore, Hanjin does not believe that section 365(b)(1)(C) of the Bankruptcy Code is applicable to the Hanjin's assumption of the Leases and Contracts. However, to the extent necessary, Hanjin respectfully submits that there is adequate assurance of future performance in that Stanford has not only agreed to purchase the Property for $25.5 million, but has also agreed to perform under the assigned Leases. Hanjin believes that it is current with respect to the Counterparties. Moreover, assumption and assignment of the Leases and Contracts is necessary to consummate the Sale and continue the orderly wind-down of the estate. Nevertheless, Hanjin will continue to perform under the Leases and Contracts, until such time that the Leases and Contracts are assigned to Stanford in connection with the Closing Date of the Sale.

**C.    Hanjin May Assign the Leases and Contracts to Stanford in Connection with the Sale**

20.    A Debtor may assign a lease, once it has been assumed, provided "adequate assurance of future performance by the assignee of such contract or lease is provided." 11 U.S.C. § 365(f).

21.    Under the terms of the Sale, Hanjin will assign the Leases listed in Exhibit 1 and the Contracts listed in Exhibit 2 to Stanford. Stanford, the assignee, has agreed to purchase the Property and has provided the appropriate financing, pledges, and guarantees under the PSA to do so. Therefore, Hanjin believes it has adequate assurances to assign the Leases and Contracts.

**D.    Reservation of Rights**

22.    Hanjin hereby reserves the right to modify its election to assume or reject any Lease, Contract, or Rejected Contract or to modify any Cure Amount prior to the entry of the

-9-

Proposed Order. Hanjin further advises any Counterpary that the inclusion of a Lease, Contract, or Rejected Contract in the Exhibits to the Proposed Order is not a final determination that such Lease, Contract, or Rejected Contract will, in fact, be assumed and assigned or rejected.

23.     Hanjin reserves any and all rights, claims, and defenses with respect to the characterization of the Leases, Contracts, and Rejected Contract under section 365 of the Bankruptcy Code, applicable nonbankruptcy law or otherwise, including, without limitation, any and all rights to argue that the Leases, Contracts, and Rejected Contract do not constitute unexpired nonresidential real property leases and executory contracts under applicable law.

**E.     Compliance with Bankruptcy Rule 6006(f)**

24.     Bankruptcy Rule 6006(f) establishes requirements for a motion to assign multiple executory contracts or unexpired leases that are not between the same parties or not being assigned to the same entity. *See* Bankruptcy Rule 6006(f).

25.     Hanjin respectfully submits that the relief requested in the Motion complies with the requirements of Bankruptcy Rule 6006(f) as all Leases and Contracts are being assigned to the same entity subsequent to the Debtor's assumption.

**F.     Waiver of Bankruptcy Rules 6004(h) and 6006(d)**

26.     Pursuant to Bankruptcy Rule 6004(h), the Debtors seek a waiver of any stay of the effectiveness of an order granting the Lease Assumption Motion, to the extent that it applies to the relief requested in the Lease Assumption Motion. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

27.     Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6006.

-10-

28.    The Foreign Representative requests that the Proposed Order, once entered, be effective immediately by providing that, to the extent applicable, the fourteen-day stays under Bankruptcy Rules 6004(h) and 6006(d) is waived.  Time is of the essence with respect to the Proposed Order.  Stanford has made clear to the Foreign Representative that closing the Sale on an expedited basis is a key consideration in entering into the PSA and has requested a closing date of no later than September 30, 2018.  In order for Hanjin to sell the Property to Stanford in an expedient manner, which requires the Leases and Contracts to be assumed and assigned and the Rejected Contract rejected, the fourteen-day stay set forth in Bankruptcy Rules 6004(h) and 6006(d) should be waived.  Such a waiver will benefit Hanjin, its estate, and its creditors by assuring it of prompt realization of a significant asset and no party in interest will be prejudiced thereby.  Accordingly, the Debtors submit that, to the extent that Bankruptcy Rules 6004(h) and 6006(h) apply, ample cause exists to justify a waiver of the 14-day stays.

## NOTICE

29.    Notice of this Motion has been provided to:  (i) all persons or bodies authorized to administer foreign proceedings of the Debtor; (ii) all known creditors of the Debtor and holders of interests; (iii) all parties to litigation pending in the United States in which the Debtor was a party as of the petition date; (iv) the Office of the United States Trustee for the District of New Jersey; (v) the Federal Maritime Commission; (vi) the United States Attorney's Office for the District of New Jersey; (vii) the Internal Revenue Service; (viii) counsel for the Purchaser; (ix) all persons or entities known to have liens, claims, encumbrances or other interests in, to, against or on the Purchased Assets; and (x) all other persons to whom notice is required pursuant to this Court's *Order (I) Approving Form and Manner of Service of Notice Pursuant to Sections 1514, 1515 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007, (II) Scheduling Recognition Hearing and (III) Granting Other Related Relief* [Docket No. 402] and section 1514

4741294v3

of the Bankruptcy Code.  In light of the nature of the relief requested, the Foreign Representative

submits that no other or further notice is required.

## **NO PRIOR REQUEST**

30.    No prior request for the relief sought in this Motion has been made to this or any

other court.

## **CONCLUSION**

**WHEREFORE**, the Foreign Representative respectfully requests that the Court enter the

Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting (i) the relief

requested herein, and (ii) such other and further relief as the Court may deem proper.

Respectfully submitted,

**MONTGOMERY MCCRACKEN WALKER &
RHOADS, LLP**
*Special Counsel for Jin Han Kim, the Liquidating
Trustee of Hanjin Shipping and the Foreign
Representative of Hanjin Shipping Co. Ltd., Debtor
in a Foreign Proceeding*

By:  */s/ Davis Lee Wright*
        Davis Lee Wright (NJ No. 01676)

Dated:  August 27, 2018

-12-